■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. HAROLD NOTEMAN, Appellant.— Order unanimously affirmed. (Appeal from order of Wyoming County Court denying, without a hearing, a motion to vacate a judgment of conviction for violation of section 690 of the Penal Law rendered November 22, 1954.) Present — Bastow, J. P., Goldman, Halpern, McClusky and Henry, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. DANNIE HAMILTON, Appellant.— Judgment of conviction unanimously reversed on the law and facts and indictment dismissed. Memorandum: The indictment herein contained two counts. The first charged burglary, second degree, in that defendant broke and entered a dwelling house in which there was at the time a human being with intent to commit the crime of larceny. The second count charged assault, second degree, in that defendant assaulted a police officer with intent to prevent and resist the lawful apprehension of appellant. Following a nonjury trial defendant was convicted of unlawful entry and assault, third degree. To justify the unlawful entry conviction proof was required that defendant entered the building with intent to commit a crime (Penal Law, § 405). The record is barren of any such proof. Two sisters of appellant lived in separate apartments in a multiple dwelling. While partially intoxicated defendant broke and entered the apartment of a third person. There is no proof from which an inference might be drawn that this was done with intent to commit a crime. The acts of defendant might fall within the provisions of section 1433 (cf. *People* v. *Paterra*, 265 N. Y. 445) but a conviction for unlawful entry may not be sustained in the absence of proof from which an inference might be drawn that defendant had an intent to commit a crime at the time of the entry (cf. *People* v. *Kelley*, 253 App. Div. 430, 433). Similarly, the conviction of assault, third degree, may not be sustained. The trier of the facts by its decision impliedly found defendant not guilty of assault, second degree. This must have been based upon a preliminary finding that there was no lawful arrest. The defendant had the right to resist the unlawful arrest by necessary force (cf.

*People* v. *Cherry*, 307 N. Y. 308; *People* v. *Dreares*, 15 A D 2d 204; *People* v. *Pitcher*, 9 A D 2d 1016). There was no proof that excessive force was used by appellant. (Appeal from judgment of Erie County Court convicting defendant of unlawful entry, a misdemeanor, and assault, third degree, a misdemeanor.) Present — Bastow, J. P., Goldman, Halpern, McClusky and Henry, JJ.