■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. LUDWIG ANTHONY BOETTCHER, JR., Appellant.— Appeal by defendant from, a judgment of the Supreme Court, Queens County, rendered January 25, 1963 after a non-jury trial, convicting him of unlawful entry and imposing sentence. Judgment reversed on the law and on the facts, and a new trial granted. In rendering his decision, the Trial Judge expressed his opinion that the defendant did not have an intent to commit a crime within the premises which he allegedly entered unlawfully. The crime of unlawful entry is committed where " a person who, under circumstances not amounting to a burglary enters a building, or any part thereof, *with intent to commit a crime,*" and a conviction of that crime may not be sustained in the absence of proof from which an inference might be drawn that the defendant had an intent to commit a crime at the time of the entry (cf. *People* v. *Hamilton,* 18 A D 2d 871; *People* v. *Kelley,* 253 App. Div. 430, 433). Although the requisite intent might, perhaps, have been inferred from the circumstances of the entry (cf. *People* v. *Oliver,* 4 A D 2d 28, 31, affd. 3 N Y 2d 684), the Trial Judge's comments indicate that such inference was not in fact drawn. Under the circumstances a new trial is required in the interests of justice. Christ, Brennan, Hill and Rabin, JJ., concur; Beldock, P. J., dissents and votes to affirm the judgment with the following memorandum: The finding by the Trial Judge of lack of intent related solely to the crime of burglary and not to the crime of unlawful entry. The court said: " I don't think there is an intent to commit a crime * * * an attempt at burglary, but I think there is an unlawful entry ". The crime of unlawful entry is not necessarily confined or incidental to the crime of burglary. Entering a building " with intent to commit a crime " — regardless of the nature of the crime — larceny, assault, malicious mischief, etc.— constitutes unlawful entry (Penal Law, § 405). The requisite intent to commit a crime may be inferred from the circumstances of the entry (*People* v. *Oliver,* 4 A D 2d 28, 31, affd. 3 N Y 2d 684). In relation to the crime of unlawful entry of which the defendant was convicted, such an intent may be properly inferred. In my opinion, the Trial Judge here did draw such an inference and, implicit in his decision, there is a finding to that effect. It should also be noted that one who has been indicted for burglary in the third degree may be convicted of unlawful entry (*People* v. *Miller,* 143 App. Div. 251, affd. 202 N. Y. 618).