■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. HENRY SAMUEL, Appellant.— Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered December 11, 1962 after a jury trial, convicting him of burglary in the third degree, and imposing sentence. Judgment reversed on the law and the facts, and new trial granted. Defendant was indicted for burglary in the first degree, attempted rape in the first degree and assault in the second and third degrees. At the close of the People's case, the Trial Judge dismissed the counts of attempted rape and assault in the second degree. At the close of the defendant's case, the Trial Judge reduced the count of burglary in the first degree to burglary in the third degree and submitted such reduced count and the count of assault in the third degree to the jury, which acquitted defendant on the third degree assault count, and convicted him of burglary in the third degree. Such a conviction (third degree burglary) must be bottomed either on actual commission of a crime in the broken and entered premises, or on an intent to commit a crime therein which existed prior to or simultaneously with the breaking and entering (Penal Law, § 404). The People failed to prove that any crime was committed in the premises here involved; hence the only question remaining is whether the proof adduced was sufficient to permit the jury to infer that the defendant broke and entered the premises "With intent to commit a crime therein". We find the proof insufficient to permit such an inference. Lacking this essential element, therefore, the conviction for burglary in the third degree cannot be sustained and a new trial must be had. Ughetta, Christ, Hill and Rabin, JJ., concur; Beldock, P. J., dissents and votes to affirm the judgment, with the following memorandum: In my opinion the proof was sufficient to show that defendant broke and entered the premises of complainant about 3:00 A.M. on January 28, 1961. From the evidence the jury could find that at about that time defendant was in bed alongside the complainant, with his hands on her person and with his private parts exposed. In my opinion, this proof was sufficient to show that defendant had the intent to commit a crime prior to breaking and entering; hence the proof was sufficient to sustain the conviction for burglary in the third degree.