FOURTH DEPARTMENT, FEBRUARY, 1989

(February 3, 1989)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CORNELIUS GAINES, Appellant. (Appeal No. 1.)—Judgment affirmed. Memorandum: Defendant appeals from his conviction of burglary in the third degree and petit larceny, asserting that the court erred in refusing to instruct the jury that, in order to find defendant guilty of burglary, it would have to find that he had the intent to commit the crime of larceny at the time of his unlawful entry into the building. Instead, the court charged, in the terms of the statute (Penal Law § 140.20), as follows:

"A person is guilty of burglary in the third degree when he knowingly enters or remains unlawfully in a building with intent to commit a crime therein. * * *

"[F]ourth, that at the time of his unlawful entry or remaining he intended to commit a crime within the building * * * the crime of burglary is complete when a person knowingly and unlawfully enters or remains in a building with the intent at that time to commit a crime therein."

That was a correct charge. A person enters or remains unlawfully when he has no license or privilege to be there (see, People v King, 61 NY2d 550, 554).

The dissenters would parse the statute so as to drain it of its conventional and long-recognized meaning.

All concur, except Lawton and Davis, JJ., who dissent and vote to reverse, Davis J., in the following memorandum.

Davis, J. (dissenting). I respectfully dissent. Defendant was indicted and charged with burglary in the third degree in violation of Penal Law § 140.20 and petit larceny in violation of Penal Law § 155.25 after he was apprehended by police inside a building owned by Standard Builder's Supply Corporation on Scottsville Road, Chili, New York. A Deputy Sheriff,

responding to the call of a burglary in progress, observed footprints in the snow leading to an open window in the building. Defendant was apprehended in the vicinity of the open window. He was wearing coveralls and a jacket that belonged to an employee of the company and had writing pens bearing the Standard Builder's Supply inscription in his pocket. The plant manager's desk drawer was open and papers on top of the desk appeared to be disturbed. Defendant testified that he entered the building seeking shelter because of the inclement weather. Defense counsel requested the court to instruct the jury that in order to find defendant guilty of burglary, he must have had the intent to commit the crime of larceny at the time of the initial unlawful entry into the building. The court declined to charge as requested and informed counsel that it intended to use the standard charge contained in the Criminal Jury Instructions (2 CJI[NY] PL 140.20). The court further denied defense counsel's request to omit the phrase "or remains" from the definition of third degree burglary. The court instructed the jury that:

"A person is guilty of burglary in the third degree when he knowingly enters or remains unlawfully in a building with intent to commit a crime therein. * * *

"[F]ourth, that at the time of his unlawful entry or remaining he intended to commit a crime within the building * * * the crime of burglary is complete when a person knowingly and unlawfully enters or remains in a building with the intent at that time to commit a crime therein. * * *

"In this case, the People maintain that the defendant knowingly entered or remained with intent to commit larceny, which is a crime."

During deliberations the jury sought clarification regarding the charge, asked the court to explain the difference between burglary and trespass and asked whether the intent to commit a crime had to occur before entering the building or whether intent could be formed after the entry. The court repeated its earlier instruction and again denied the request to exclude the phrase "or remains" from its definition of burglary in the third degree. The jury returned a verdict finding defendant guilty of burglary in the third degree and petit larceny. Defendant does not challenge the petit larceny conviction.

Defendant contends that the trial court committed reversible error by refusing to charge the jury that in order to find defendant guilty of burglary in the third degree the intent to commit a crime must precede or be contemporaneous with

entry into the building. I find this argument persuasive *(see, McCourt v People,* 64 NY 583, 586; *People v Samuel,* 20 AD2d 919; *People v Kelley,* 253 App Div 430, 433). The trial court's inclusion of the phrase "or remains" on the facts of this case improperly permitted the jury to find defendant guilty of third degree burglary even if it concluded that the intent to commit a crime was formed subsequent to the unlawful entry.

At common law, a burglary occurred upon a breaking and entering into another's dwelling house at night with the intent to commit a felony therein (Rothblatt, Revised Penal Law, Criminal Law of New York, § 257). The common-law elements of the crime have been changed both by statute and case law. Essentially, the statute has expanded the scope of the offense. Penal Law § 140.20 provides that burglary in the third degree occurs when one knowingly enters or remains unlawfully in a building with the intent to commit a crime therein. The statute prohibits not only entering unlawfully but also remaining unlawfully *(see,* Penal Law § 140.00 [5]; § 140.20). The terms "knowingly enters or remains unlawfully" are used in the disjunctive; they are separate and discrete, each intended to be applicable to different circumstances. The word "remain" in the phrase "enter or remain" is designed to apply to those cases in which a person enters a building with a license or privilege, but remains in the building after the termination of such license or privilege *(People v Licata,* 28 NY2d 113, 117; Donnino, Practice Commentary, McKinney's Cons Laws of NY, Book 39, Penal Law art 140; Rothblatt, Revised Penal Law, Criminal Law of New York, § 257; *see also, People v Powell,* 58 NY2d 1009). This conclusion is supported by the fact that the phrase "or remains" is contained in brackets in the Criminal Jury Instructions which suggests that this language is to be charged only under an appropriate fact pattern *(see,* 2 CJI[NY] PL 140.20). The phrase "remains unlawfully" in Penal Law § 140.20 does not apply to the facts of this case because it is unrefuted that defendant's initial entry was not authorized.

"The purpose of the burglary statute is to protect against the specific dangers posed by entry into secured premises of intruders bent on crime" *(People v Thompson,* 116 AD2d 377, 380). At common law, the requisite intent had to be formed prior to or contemporaneous with the entry in order to support a conviction for burglary *(see,* 1 Callaghan's, Criminal Law in New York, Burglary and Criminal Trespass, § 21:03; Zett, New York Criminal Practice, Burglary and Criminal Trespass, § 72.1 [1] [c]). "The presumption is that no change

from the rule of common law is intended, 'unless the enactment is clear and explicit in that direction' " *(People v King,* 61 NY2d 550, 554, quoting *People v Phyfe,* 136 NY 554, 558). In the absence of an intent to change the common-law definition, there should not be a radical departure from that established definition *(People v King, supra,* at 554-555). Here, there is no indication that the Legislature intended to change the common-law requirement with respect to when the requisite intent had to be formed in a burglary prosecution predicated upon an unlawful entry. "When the statutory acts of entry are established, and it is also established that they were accomplished with the intent to commit a second crime, the crime of burglary is complete. Lacking such intent, there may still be an offense, but it is not burglary" (1 Callaghan's, Criminal Law in New York, Burglary and Criminal Trespass, § 21:03). Where it cannot be proved that the intruder unlawfully entered with the requisite intent, he may nevertheless be guilty of one of the three degrees of criminal trespass, none of which requires proof of intent to commit a crime *(see,* Penal Law §§ 140.10, 140.15, 140.17; *see also,* Marks and Paperno, Criminal Law in New York under Revised Penal Law, Burglary and Trespass, § 288 [2d ed]).

In sum, in a burglary prosecution where, as here, the initial entry into private premises was clearly unlawful—that is without license or privilege—defendant is entitled to a charge stating that in order to convict him of a burglary the jury must find that the intent to commit a crime therein was formed prior to or contemporaneous with the entry.

In my view, failure to give the requested charge was error. While there is evidence from the surrounding circumstances to infer that the intent to commit a crime coexisted with the entry, I cannot deem the error harmless because there is a significant probability that the jury would have acquitted defendant of burglary in the third degree had it not been for the error in the court's instructions to the jury *(see, People v Crimmins,* 36 NY2d 230, 242). Accordingly, the judgment should be modified by reversing defendant's conviction for burglary in the third degree and granting a new trial on that count.

Lawton, J., concurs in the dissent, in the following memorandum.

Lawton, J. (concurring in dissent). I concur with the dissent, but would add that to hold, as does the majority, that the mere unlawful presence of a person in a building at the time

he commits a crime is sufficient to constitute the crime of burglary is to eliminate the very element which distinguishes the crime of burglary from other crimes, viz., the unlawful entry with intent to commit a crime. Under the majority view, the crime of burglary was committed not at the time defendant gained unlawful entry, but at the time defendant committed the larceny while "remaining" unlawfully on the premises. Had the Legislature intended that result, it would have defined burglary as the commission of a crime while unlawfully upon the premises. The essence of the crime of burglary is not the commission of a crime while on the premises, but the unlawful entry with the intent to commit a crime *(see, People v Boettcher,* 20 AD2d 801). The intent must exist at the time of gaining entry *(see, People v Hamilton,* 18 AD2d 871) and it matters not whether a crime was thereafter committed *(see, People v Mackey,* 49 NY2d 274). The purpose of the burglary statutes is to deter persons from wrongfully entering buildings, either by an unlawful entry or, if the initial entry was with license or privilege, by scheming to remain unlawfully on the premises for the purpose of committing a crime. It is not intended to apply to criminal trespassers who, upon completion of that crime, thereafter decide to commit another crime. (Appeal from judgment of Supreme Court, Monroe County, Cornelius, J.—burglary, third degree; petit larceny.) Present—Doerr, J. P., Denman, Balio, Lawton and Davis, JJ.