OPINION OF THE COURT
Chief Judge Cooke.
That element of a crime of burglary which requires that a person “enter * * * in a building” is met when the person or any part of his body intrudes within the building. Additionally, the recessed entry area of a store abutting the sidewalk, enclosed by display windows, a door, a roof and a security gate at the sidewalk line may be deemed part of a “building” under the Penal Law. Thus, evidence that defendant was found crouched beside a one-foot-square hole which had been cut in a metal gate extending across the front of a jewelry store, and pulling and pushing on the gate, is sufficient to establish attempted entry into a building for purposes of a conviction for attempted burglary in the third degree.
Two plain-clothes police officers sitting in an unmarked car observed defendant in front of a jewelry store on Fifth Avenue in New York City at approximately 4:30 a.m. on a Sunday. The store, which was well lit by street lamps and the lights in its display windows and vestibule, was guarded by a metal gate that covered the entire storefront where it abutted the sidewalk and prevented access to the front door and the display cases. The officers saw defendant crouched and making pulling and pushing motions on the gate while holding an unidentified object in his right hand. *553 When defendant looked in the officers’ direction, he switched the object to his left hand and began running north on Fifth Avenue. The police gave chase and, after losing sight of defendant for a moment, apprehended him beside a construction site and handcuffed him. The officers did not see defendant dispose of any object during the chase. Upon returning to the jewelry store, the officers noticed that several metal bars from the gate were strewn inside the vestibule, leaving a hole approximately one-foot square. A search of defendant yielded a claw hammer inside a paper bag in defendant’s left coat pocket. The evidence at trial established that the metal bars had been detached by means of a cutting instrument, such as bolt cutters; however, a search of the entire area did not produce any such tool.
Similar to many storefronts, the doorway to the jewelry store is recessed about 15 feet from the sidewalk in a vestibule with a roof formed by the second floor of the building, and lined on both sides by glass display windows that extend out to and face the sidewalk. After business hours, the entrance to the vestibule is closed to pedestrians by the metal gate described above, which is designed to deter would be intruders while permitting passers-by to view the displays. The gate had been cut to the left of the center, about two feet distant from one of the display windows.
A jury convicted defendant of attempted burglary in the third degree and possession of burglar’s tools. The Appellate Division affirmed the judgment, without opinion.
Defendant makes two arguments that are founded on the factual predicate that he did not possess a tool for cutting the gate’s metal bars and widening the hole. Defendant urges that his conviction should be reversed because it was factually impossible for him to have introduced his entire body into the building area, which, he argues, is legally required for a burglary conviction. Thus, he contends that he could not have completed the crime of burglary. Alternatively, defendant asserts that the evidence was insufficient to establish attempted burglary because the vestibule is not a “building” within the meaning of the Penal Law, and he only hid the means to put his arm through the gate *554 into the vestibule. Neither argument is persuasive. This court now affirms.
In order to commit “burglary in the third degree,” a person must “knowingly enter[ ] or remain[ ] unlawfully in a building with intent to commit a crime therein” (Penal Law, § 140.20). Although the Penal Law defines “enter or remain unlawfully” (see Penal Law, § 140.00, subd 5), it does not provide any insight into whether entry by the entire body is required.
At common law, “entry” for purposes of burglary was accomplished by insertion of any part of the body into the premises for the purpose of committing a felony (see People v Tragni, 113 Misc 2d 852, 856; Commonwealth v Lewis, 346 Mass 373, cert den 376 US 933; State v Pigques, 310 SW2d 942, 945 [Mo]; 3 Wharton’s Criminal Law [Torcia14th ed], § 332). Under the former Penal Law, the term “enter” was essentially a codification of the common-law definition (see Penal Law of 1909, § 400, subd 4). When the Legislature enacted the present statute, this definition was deleted. This does not mean, however, that the current amendment was meant to alter the entry element of burglary by requiring that the intruder must introduce his or her entire body inside the premises (see Hechtman, Practice Commentaries, McKinney’s Cons Law of NY, Book 39, Penal Law, art 140, p 15). The statute now focuses on the unlawful aspect of the entry, rather than on the entry itself: “A person ‘enters or remains unlawfully’ in or upon premises when he is not licensed or privileged to do so” (Penal Law, § 140.00, subd 5; see People v Tragni, 113 Misc 2d 852, 854, supra). In effect, the drafters eliminated any definition of “entry”, without any indication of intention to narrow its meaning.
The presumption is that no change from the rule of common law is intended, “unless the enactment is clear and explicit in that direction” (see People v Phyfe, 136 NY 554, 558). In the absence of such intent to change the common-law definition, there should not be a radical departure from the established definition. Indeed, if a statute uses a word which has a definite and well-known meaning at common law, it will be construed with the aid of common-law definitions, unless it clearly appeárs that it was *555 not so intended (see Adamson v City of New York, 188 NY 255, 258). Further, if the terms of a statute are subject to two interpretations, that which most comports with the common law should be adopted (see People v Phyfe, 136 NY 554, 558-559, supra). Therefore, as there is no contrary indication from the Legislature, the entry requirement under the current Penal Law is met, at least when a person intrudes within a building, no matter how slightly, with any part of his or her body (see People v Tragni, 113 Misc 2d 852, 856, supra; State v Pigques, 310 SW2d 942, 945 [Mo], supra).
Defendant, here, was found in a position where he could have reached into the vestibule and stolen goods from a display window after smashing it with the hammer found in his pocket. That it may have been physically impossible for him to pass his body completely through the hole does not preclude a determination that a successful burglary was within his capability and thus, that a conviction for attempted burglary was warranted.
Defendant’s second contention that the vestibule is not a “building” within the meaning of the Penal Law is also without merit. The statute provides that, “in addition to its ordinary meaning, [a ‘building’] includes any structure * * * used for overnight lodging of persons, or used by persons for carrying on business therein * * *. Where a building consists of two or more units separately secured or occupied, each unit shall be deemed both a separate building in itself and a part of the main building” (Penal Law, § 140.00, subd 2). The existence of the security gate, which can be pulled down to completely enclose the vestibule from public access, albeit with a temporary fourth wall, makes the vestibule functionally indistinguishable from the space inside the display cases or the rest of the store. Consequently, this area is included within the statutory definition of a building (cf. McGary v People, 45 NY 153, 160-161; People v O’Keefe, 80 AD2d 923, 924).
Defendant’s other arguments have been considered and found to be without merit.
Accordingly, the order of the Appellate Division should be affirmed.
*556 Judges Jasen, Jones, Wachtler, Meyer, Simons and Kaye concur.
Order affirmed.