THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
BRUCE LEE McINTYRE, Defendant-Appellant.

Fourth District   No. 4—91—0146

Opinion filed September 6, 1991.

Daniel D. Yuhas and Charles L. Jones, both of State Appellate Defender's Office, of Springfield, for appellant.

Lawrence R. Fichter, State's Attorney, of Decatur (Kenneth R. Boyle, Robert J. Biderman, and Beth McGann, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE KNECHT delivered the opinion of the court:

Defendant Bruce McIntyre was convicted of residential burglary (Ill. Rev. Stat. 1989, ch. 38, par. 19—3) after a bench trial in the circuit court of Macon County. He was sentenced to a six-year term of imprisonment and now appeals, alleging he was not proved guilty of residential burglary beyond a reasonable doubt. We disagree and affirm.

Betty Houser of 3930 Bayview Drive, Decatur, was on vacation. While away, she asked her daughter, Jana Chisenall, and Jana's husband, Gary, to check on her house. On the evening of May 8, 1990, the Chisenalls checked the house and noticed nothing unusual. After leaving the house, they decided to drive around the block and go by the house again. On doing so they observed a white Dodge station wagon parked adjacent to the Houser property.

As they approached, they observed two men running from the backyard of the Houser property toward the white car. Gary observed two men get into the wagon but, as he and Jana pulled up in their car and looked inside, they saw only one person, whom they identified as defendant.

Jana asked the defendant if he needed help, but he only stared at them and sped off. They recorded the license-plate number. They then discovered a large gas grill in the middle of the Houser backyard about 10 feet away from where they had seen the men running. The gas grill was always kept on the screened-in porch attached to the Houser residence. They called the police, who discovered the screen near the porch door had been torn, and the porch door had been unlocked and was open.

At trial, defendant testified he made two trips to the Houser residence on the evening of May 8, because he was in the company of Michael Houser, who was checking his parents' residence while they vacationed. Michael Houser was also charged with residential burglary as a result of the incident. Defendant knew Michael socially, and had a vehicle for sale which Michael came to his residence to see. Because Michael had no vehicle, as a favor defendant drove him to his

parents' home to check on the house. After arriving there, Michael remembered he had forgotten the house keys and defendant then drove Michael back to Michael's apartment to get them. They returned to the Houser residence, and Michael approached the house while defendant waited in his vehicle.

Shortly thereafter, the Chisenalls' van pulled up and Michael returned from the house and entered defendant's vehicle. Michael told defendant the woman in the van was his sister and to just drive away. Defendant did so without responding to the woman.

Defendant denied knowing Michael Houser intended to steal anything and denied seeing a gas grill. He also testified a prior serious injury and spinal operation prevented him from running or carrying heavy objects. Defendant's two prior felony convictions were admitted into evidence for impeachment purposes.

The trial judge rejected defendant's version of the incident, and stated he did not believe his testimony. The finding of guilty was based primarily on the Chisenalls' testimony regarding two men running in the Houser backyard, their proximity to the gas grill that had been removed from the porch, and the identification of defendant as the driver of the vehicle that sped away.

Defendant raises two issues on appeal. First, he contends the State failed to prove a residential burglary because any entry that did occur was only to a screened porch attached to a house. Defendant argues the supreme court's decision in *People v. Thomas* (1990), 137 Ill. 2d 500, 561 N.E.2d 57, *cert. denied* (1991), 498 U.S. 1127, 112 L. Ed. 2d 1196, 111 S. Ct. 1092, and the definition of dwelling in section 2—6(b) of the Criminal Code of 1961 (Code) (Ill. Rev. Stat. 1989, ch. 38, par. 2—6(b)) require us to conclude a screened porch attached to a house is not part of a dwelling. We disagree.

*Thomas* held, for our purposes here, that an attached garage is not *necessarily* a dwelling within the meaning of the residential burglary statute. Our supreme court also stated it would wait until some future date to decide whether the unlawful entry of the porch of a house may constitute the unlawful entry of a residence. We need not decide whether every porch is part of a dwelling. We are satisfied this porch was a part of the Housers' living quarters.

The enclosed porch in this case is a wood frame structure with a wooden floor and dimensions of 8 by 10 or 12 feet. The porch includes both solid walls to a height of three feet and screen from that height to a roof. The floor, walls, and roof are all attached to the house. The porch has a metal door with glass inset and a lock to provide access

to the backyard. A wooden door with glass inset and three locks connects the porch to the utility room of the house.

The Housers furnished the porch with a metal table, chairs, a wrought iron love seat, a small table and a large gas grill. The furniture was always kept on the porch regardless of the season. The Housers used the porch in the summer for most of their meals, and in the winter cooked on the porch four or five times per week.

■ The Code defines "dwelling" for purposes of the residential burglary as "a house, apartment, mobile home, trailer, or other living quarters in which at the time of the alleged offense the owners or occupants actually reside or in their absence intend within a reasonable period of time to reside." (Ill. Rev. Stat. 1989, ch. 38, par. 2—6(b).) In our view, the porch here is a part of the house. It is attached, enclosed, and used for sitting, eating, and cooking. These activities make the porch part of the living quarters of the house. This conclusion is not inconsistent with *Thomas.*

Defendant also contends he was not proved guilty beyond a reasonable doubt. A criminal conviction will not be set aside unless the evidence is so improbable or unsatisfactory that it creates a reasonable doubt of the defendant's guilt. (*People v. Vriner* (1978), 74 Ill. 2d 329, 342, 385 N.E.2d 671, 676.) When presented with a challenge to the sufficiency of the evidence, it is not the function of this court to retry the defendant. (*People v. Collins* (1985), 106 Ill. 2d 237, 261, 478 N.E.2d 267, 277.) Once the defendant has been found guilty of the charged crime, the fact finder's role as weigher of the evidence is preserved through a legal conclusion that upon judicial review all of the evidence is to be considered in the light most favorable to the prosecution. (*Jackson v. Virginia* (1979), 443 U.S. 307, 319, 61 L. Ed. 2d 560, 573, 99 S. Ct. 2781, 2789; *Collins,* 106 Ill. 2d at 261, 478 N.E.2d at 277.) The relevant question is whether, if after viewing the evidence in such a fashion, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson,* 443 U.S. at 319, 61 L. Ed. 2d at 573, 99 S. Ct. at 2789; *Collins,* 106 Ill. 2d at 261, 478 N.E.2d at 277.

■ The trial court heard evidence which placed defendant at the scene of the incident. He was identified as the driver of the car that sped away. The evidence was such the trial court could reasonably infer defendant was one of the two men running in the Houser yard in close proximity to the stolen grill, and was in league with Michael Houser to burglarize the enclosed porch. The trial court assessed credibility and found defendant's version of the event unbelievable.

The evidence was sufficient for a rational trier of fact to find the essential elements of the crime proved beyond a reasonable doubt.

The judgment of the circuit court of Macon County is affirmed.

Affirmed.

GREEN and McCULLOUGH, JJ., concur.