■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LEONARD CORNISH, Appellant. [632 NYS2d 193] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Buchter, J.), rendered March 31, 1994, convicting him of burglary in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

There is no merit to the defendant's contention that the court improperly conducted the trial in his absence. " '[T]he controlling rule' is: 'if a defendant at liberty remains away during his trial the court may proceed provided it is clearly established that his absence is voluntary. He must be aware of the processes taking place, of his right and of his obligation to be present, and he must have no sound reason for remaining away' " (People v Sanchez, 65 NY2d 436, 443, quoting Taylor v United States, 414 US 17, 19-20). The record establishes that the defendant was aware of the date of the continuance of his trial, and of his right and obligation to be present, and that there was no sound reason for his absence. The defendant thereby forfeited his right to be present at trial.

The defendant's contention that the evidence was insufficient to establish that he committed burglary in the second degree is unpreserved for appellate review (see, CPL 470.05 [2]; *People v Udzinski,* 146 AD2d 245, 250). In any event, viewing the evidence in the light most favorable to the prosecution (see, *People v Contes,* 60 NY2d 620), the evidence was legally sufficient to establish the defendant's guilt beyond a reasonable doubt (see, *People v King,* 61 NY2d 550, 555; *People v Henderson,* 41 NY2d 233, 237). Bracken, J. P., Sullivan, Friedmann and Krausman, JJ., concur.