FOURTH DEPARTMENT, NOVEMBER, 1996

(November 8, 1996)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WAYNE CLARKE, Appellant. [649 NYS2d 568] —Upon amended remittitur from the Court of Appeals, judgment unanimously modified as a matter of discretion in the interest of justice and as modified the judgment is affirmed. Memorandum: On appeal from a judgment convicting him of burglary in the second degree and criminal mischief in the fourth degree, defendant contends that Supreme Court improperly denied his motion to dismiss the indictment pursuant to CPL 30.30. We disagree.

---

Although the People announced readiness for trial before defendant was arraigned, the indictment was secured five days before expiration of the six-month period. Thus, unlike in *People v England* (84 NY2d 1, *rearg denied* 84 NY2d 846), where the indictment was handed down exactly six months after the action had commenced, it was not impossible for the court to have arraigned defendant within the statutory period (*see, People v Goss*, 87 NY2d 792, 797).

We reject defendant's contention that the court erred in refusing to charge criminal trespass in the second degree as a lesser included offense of burglary in the second degree. There is no reasonable view of the evidence that defendant unlawfully entered the dwelling but did not intend to commit a crime therein (*see, People v Figueroa*, 154 AD2d 389, *lv denied* 75 NY2d 770; *cf., People v Nigro*, 187 AD2d 979, 980), and the jurors would have had "to resort to sheer speculation" to so conclude (*People v Bracey*, 41 NY2d 296, 302, *rearg denied* 41 NY2d 1010).

Defendant failed to preserve for our review his contention that the court erred in instructing the jurors, without his request, that they should not draw an adverse inference from his failure to testify (*see, People v Creech*, 183 AD2d 777, *lv denied* 80 NY2d 902; *see also, People v Autry*, 75 NY2d 836). In any event, were we to exercise our power to review the issue as a matter of discretion in the interest of justice, we would conclude that the error is harmless beyond a reasonable doubt (*see, People v Vereen*, 45 NY2d 856, 857; *People v Monk*, 192 AD2d 1081, *lv denied* 81 NY2d 1077).

Contrary to the contention of defendant, the evidence is legally sufficient to support his conviction (*see, People v Bleakley*, 69 NY2d 490, 495). The complainant's testimony that defendant reached his gloved hand through a broken window for the inside doorknob is sufficient to establish his entry into the dwelling (*see, People v King*, 61 NY2d 550, 555), and his intent to commit a crime can be inferred from the circumstances of the breaking and entering (*see, People v Gilligan*, 42 NY2d 969; *People v Lowman*, 137 AD2d 622; *People v Privott*, 133 AD2d 528, *lv denied* 70 NY2d 936). We are also satisfied that the jury's verdict is not against the weight of the evidence (*see, People v Bleakley, supra,* at 495).

Upon our review of the record, we exercise our power to reduce defendant's sentence for burglary in the second degree as a matter of discretion in the interest of justice to 11 years to life (*see,* CPL 470.15 [6] [b]). We have reviewed the remaining contentions in defendant's *pro se* supplemental brief and

conclude that they are without merit. (Appeal from Judgment of Supreme Court, Erie County, Rossetti, J.—Burglary, 2nd Degree.) Present—Pine, J. P., Fallon, Wesley, Doerr and Davis, JJ. [As amended by unpublished order entered Feb. 7, 1997.]