■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JEFFREY HOMER, Appellant. [649 NYS2d 574] —Judgment unanimously reversed on the law, plea vacated, motion denied, count one of indictment reinstated and matter remitted to Oswego County Court for further proceedings on indictment. Memorandum: On appeal from a judgment convicting him, upon his guilty plea, of burglary in the third degree, defendant contends

that reversal is required because his factual recitation negated an essential element of the crime, i.e., entry into the building. We agree.

Where, as here, defendant's factual recitation negates an essential element of the crime, the court was under a duty to make further inquiry "to ensure that defendant understood the nature of the charge and that the plea would be intelligently entered" (*People v Bendross*, 153 AD2d 75, 77). Its failure to do so permits a defendant to challenge the sufficiency of the plea on direct appeal despite the absence of a formal post-allocution motion (*People v Lopez*, 71 NY2d 662, 666).

During the plea allocution, defendant denied that either he or a codefendant entered the building. He stated that a codefendant walked onto an attached porch but that no one went inside the building. In accepting defendant's guilty plea, County Court then stated that entry onto the porch was sufficient to constitute a burglary. That was error (*see generally, People v King*, 61 NY2d 550; *People v Lewoc*, 101 AD2d 927). Because the court failed to make further inquiry to demonstrate an acceptable basis for the plea, it must be vacated.

Further, we note that, as part of the plea agreement, the court granted the People's motion to amend count one of the indictment to charge burglary in the third degree. Inasmuch as we are vacating the plea, we also deny the People's motion and reinstate count one of the indictment. (Appeal from Judgment of Oswego County Court, McCarthy, J.—Burglary, 3rd Degree.) Present—Pine, J. P., Fallon, Wesley, Davis and Boehm, JJ.