■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v TAMIKA WILLIAMS, Respondent. [675 NYS2d 445] —Crew III, J. Appeal from a judgment of the Supreme Court (Keegan, J.), rendered May 22, 1996 in Albany County, upon a verdict convicting defendant of the crime of assault in the first degree.

On this appeal from her conviction of assault in the first degree, defendant claims that Supreme Court erred in utilizing the phrase "moral certainty" in its charge to the jury defining reasonable doubt, in failing to charge the lesser included offenses of assault in the second degree and assault in the third degree, and in permitting her to be cross-examined regarding her possession of 232 vials of crack cocaine 4½ years earlier. For the reasons that follow, we affirm.

As a starting point, we note that defendant failed to object to Supreme Court's jury instruction and has thereby waived the claimed error (*see,* CPL 470.05; *People v Thomas,* 50 NY2d 467, 473). Nevertheless, were we to consider the matter, we would find no error.

Here, in charging the jury as to reasonable doubt, Supreme Court stated: "It is a doubt, one that leaves your mind in such a state of suspense or uncertainty that you cannot say that you're convinced of the defendant's guilt to a moral certainty." To be sure, there is a long line of cases that have condemned the use of the phrase "moral certainty" when charging a jury on the burden of proof, but in all but one of those reported cases, the phrase has been used in conjunction with phrases such as " 'reasonable certainty' " and " 'reasonable degree of certainty' " (*e.g., People v Hewlett,* 133 AD2d 417, 417-418; *People v La Rosa,* 112 AD2d 954; *People v Forest,* 50 AD2d 260; *but see, People v Melito,* 195 AD2d 1014). For example, in *Cage v Louisiana* (498 US 39, 40), the US Supreme Court, in finding the reasonable doubt instruction to be constitutionally defective, observed that the words " 'grave uncertainty' " and " 'substantial doubt' ", when considered with a reference to " 'moral certainty' ", might lead a reasonable jury to find guilt based upon a degree of proof less than required by the Due Process Clause. Where, as here, however, the unadorned phrase "to a moral certainty" is used when defining reasonable doubt, no error has been found (*see, People v Fox,* 72 AD2d

146). Indeed, the use of the term "to a moral certainty" has long been considered a more rigorous standard than that of reasonable doubt (*see generally, People v Burke,* 62 NY2d 860; *People v Williams,* 121 AD2d 145). Thus, to the extent that anyone was prejudiced by Supreme Court's charge, it was the People upon whom Supreme Court placed an improper burden of proof.

We likewise find no merit to defendant's claim that Supreme Court erred in not charging assault in the second degree and assault in the third degree as lesser included offenses. No reasonable view of the evidence would support a finding that defendant caused the victim's injury other than by use of a deadly weapon or dangerous instrument or that she recklessly and unintentionally caused such injury. Finally, examination of the two photographs depicting the victim's face before and after it was sutured reveals that no view thereof would permit a finding other than serious physical injury.

Finally, we find no error in Supreme Court's *Sandoval* ruling. The possession of a substantial quantity of crack cocaine certainly evinces a willingness on the part of defendant to place the advancement of her self-interest ahead of principle and the interests of society and suggests her readiness to do so again on the witness stand (*see, People v Sandoval,* 34 NY2d 371, 377).

Mikoll, J. P., Mercure, White and Yesawich Jr., JJ., concur. Ordered that the judgment is affirmed.