■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DOUGLAS F. CLEVELAND, Appellant. [721 NYS2d 876] —Peters, J. Appeal from a judgment of the County Court of Warren County (Austin, J.), rendered October 13, 1999, upon a verdict convicting defendant of the crimes of burglary in the second degree (four counts) and arson in the third degree.

By indictment filed April 23, 1999, defendant was charged with the burglary of four separate residences and one count of arson for allegedly starting a fire in one of them. A search warrant executed upon his home uncovered many of the items reported stolen from those homes.

At trial, Dwight Cleveland, defendant's brother, testified on behalf of the People. According to Cleveland, he and defendant entered three residences and removed items therefrom. In the fourth, however, the home of Elizabeth Roche, they approached the residence believing that it was vacant and that the lights were on timers. Cleveland testified that after defendant kicked in the basement window, they heard someone inside which caused them to flee. Upon investigation, Roche found the glass from the basement window strewn about the cellar floor and its metal frame broken and hanging. Freshly fallen snow around the residence showed two sets of boot prints, one with a distinctive diamond pattern. Upon defendant's arrest, a police officer noticed a similar pattern on defendant's boot.

After a lengthy trial which included the testimony of numerous witnesses, defendant was found guilty of the charged crimes. At sentencing, County Court, considering defendant's prior convictions of two class D violent felonies, sentenced him to four consecutive 15-year prison terms for the burglaries and to a concurrent term of 7½ to 15 years for the arson. On appeal, defendant challenges the legal sufficiency of the evidence supporting one of the burglary convictions and the refusal of the trial court to appoint a special prosecutor. He further alleges that he was denied effective assistance of counsel and that the harshness of his sentence mandates our reduction of it in the interest of justice.

Defendant's assertion that it was error not to appoint a special prosecutor because of a personal conflict that he had with both the District Attorney and one of his assistants is

without merit. Even acknowledging the genuineness of his allegations, his proffer remains insufficient to demonstrate the existence of a conflict of interest or a substantial risk of an abuse of confidence (*see, People v Esposito*, 225 AD2d 928, *lv denied* 88 NY2d 935; *People v Early*, 173 AD2d 884, *lv denied* 79 NY2d 1000).

Turning to the ineffective assistance of counsel claim, it is settled that "[s]o long as the evidence, the law, and the circumstances of a particular case, viewed in totality and as of the time of the representation, reveal that the attorney provided meaningful representation, the constitutional requirement will have been met" (*People v Baldi*, 54 NY2d 137, 147). Defendant must establish "the absence of strategic or other legitimate explanations for counsel's alleged failures" (*People v Ahl*, 243 AD2d 985, 987, *lv denied* 91 NY2d 868) to pursue an alibi defense or to champion claims asserting the prosecutors' conflicts of interest. He has failed to sustain this burden. Even with defendant's additional ascriptions of error, we are reminded that "[i]t is always easy with the advantage of hindsight to point out where trial counsel went awry in strategy * * * [b]ut trial tactics which terminate unsuccessfully do not automatically indicate ineffectiveness" (*People v Baldi*, *supra*, at 146).

Turning to the challenge to the legal sufficiency of the evidence supporting the burglary of the Roche residence, we review such evidence in a light most favorable to the prosecution to determine whether "there is any valid line of reasoning and permissible inferences which could lead a rational person to the conclusion reached by the jury * * * and as a matter of law satisfy the proof and burden requirements for every element of the crime charged" (*People v Bleakley*, 69 NY2d 490, 495 [citation omitted]). To establish a burglary, an "entry" will be deemed accomplished when a person "intrudes within a building, no matter how slightly, with any part of his or her body" (*People v King*, 61 NY2d 550, 555). Cleveland's testimony describing defendant's act of kicking in the basement window with his foot in furtherance of their intent to commit a burglary, coupled with the physical evidence, is clearly sufficient (*see, People v Clarke*, 233 AD2d 831, *lvs denied* 89 NY2d 1010, 90 NY2d 856).

Since defendant's lengthy prison sentence falls within the permissible range for the crimes committed, we find no extraordinary circumstances which would warrant our modification in light of his prior criminal record (*see, People v Peters*, 277 AD2d 512; *People v Harris*, 274 AD2d 837, *lv denied* 95 NY2d 935).

Crew III, J. P., Mugglin, Rose and Lahtinen, JJ., concur. Ordered that the judgment is affirmed.