■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARLOS RIVERA, Appellant. [754 NYS2d 74] —Spain, J. Appeal from a judgment of the Supreme Court (Lamont, J.), rendered May 7, 1999 in Albany County, upon a verdict convicting defendant of the crime of burglary in the second degree.

Following a jury trial, defendant was convicted of burglary in the second degree for his conduct on August 30, 1998 in unlawfully entering a home in the City of Albany with the intent to commit a crime therein (*see* Penal Law § 140.25 [2]). Sentenced as a second felony offender to a determinate term of 10½ years' imprisonment, defendant appeals challenging the legal sufficiency and weight of the evidence, as well as the length of his sentence.

Burglary in the second degree under Penal Law § 140.25 (2) requires proof that defendant "knowingly enter[ed] or remain[ed] unlawfully in a building with intent to commit a crime therein * * * when * * * [t]he building [was] a dwelling." The dwelling involved here is a two-story single family home which includes an enclosed screened-in porch in the back, to which access is gained through the kitchen door, which has a rear screen door that exits to a small deck and stairs leading to the fenced-in backyard.

The owner of the home testified that, while sleeping in his second floor bedroom, he was awakened at approximately 8:00 P.M. by a banging noise emanating from the first floor. He went downstairs and observed that a living room window which opened into the screened-in porch was open and that an air conditioner was missing from that window. After discerning that the ongoing noise was coming from the porch, he opened the kitchen door and saw defendant on the porch proceeding to exit through the screen door. When the owner grabbed defendant and asked him what he was doing there, defendant replied that he had chased two kids into the porch believing that they had taken his bicycle, and he provided a false name. The owner called the police and he and defendant waited until officers from the City of Albany Police Department arrived. The officers spoke briefly with the owner and defendant—who declined to make a complaint regarding his bicycle—and permitted defendant to leave, proceeding to search the property. The owner then told the officers that he had seen defendant on his porch, that the air conditioner had been removed from the window and was on the floor in the porch, and that his weed-whacker—which had been on the porch—was in the yard by the foot of the back stairs. The officers proceeded up the street in pursuit of defendant, who voluntarily returned with them back to the scene, where he recounted his explanation of chasing kids in pursuit of his stolen bicycle, but denied entering the porch. Defendant was taken to the police station, he repeated his stolen bicycle explanation and he denied ever going on or near the porch. Defendant did not testify or offer any evidence at trial.

Defendant's contention that the evidence failed to establish that he entered the dwelling is incorrect, as the owner's testimony clearly established that defendant was observed *inside* the screened-in porch while in the process of exiting via the screen door (*see People v King*, 61 NY2d 550, 555; *People v Cleveland*, 281 AD2d 815, 816, *lv denied* 96 NY2d 900). To the extent that defendant argues that the porch here was not part of the "dwelling" for purposes of Penal Law § 140.00 (3) and § 140.25 (2), defendant failed to preserve this issue by not specifically raising this contention in his motion to dismiss the indictment based upon the insufficiency of the evidence (*see People v Gomez*, 67 NY2d 843, 845; *People v Green*, 141 AD2d 760, 761, *lv denied* 73 NY2d 786). In any event, we find, to the contrary, that the attached, screened-in and enclosed porch is part of the dwelling (*see People v McCrea [Berry]*, 194 AD2d 742, 744, *lvs denied* 82 NY2d 751, 756; *People v Lewoc*, 101 AD2d 927, 928; *see also State v Stone*, 350 SC 442, 446, 567 SE2d 244, 246 [2002] [and cases cited therein]; *Davis v State*,

938 P2d 1076, 1078 [Alaska 1997]; *People v McIntyre*, 218 Ill App 3d 479, 481-482, 578 NE2d 314, 315-316 [1991], *lv denied* 142 Ill 2d 661, 584 NE2d 136; NY Practice Series § 9:5 Buildings, § 9:6 Dwelling; *cf. People v Homer*, 233 AD2d 934), because it is structurally and functionally a part of the house, akin to a garage attached to a private residence and connected by an interior door, which has been found to be an integral part of a dwelling for purposes of residential burglary (*see* Penal Law § 140.00 [3], [4]; *People v Stevenson*, 116 AD2d 756, 757, *lv denied* 67 NY2d 890; *see also People v Monge*, 248 AD2d 558, 559, *lv denied* 92 NY2d 856; *People v Buford*, 248 AD2d 394, *lv denied* 92 NY2d 894; *People v Santana*, 143 AD2d 207; *People v Green, supra*; *cf. People v Figueroa*, 204 AD2d 972, *lv denied* 84 NY2d 825). In our view, unlawful entry into a screened-in porch attached to a private home poses a risk of harm comparable to that created upon entry into the main part of the home (*see Quinn v People*, 71 NY 561; *cf. People v Quattlebaum*, 91 NY2d 744, 747). Neither the fact that the hook latch on the porch's outside screen door was typically left unlocked, according to the owner's testimony, nor the absence of specific testimony regarding how the porch was used by its owner, undermines its character as a part of the dwelling.

With regard to the proof of defendant's intent, the jury, having rejected defendant's proffered pursuit of bicycle thieves explanation, reasonably inferred from the circumstances that defendant's entry without the owner's permission was with the intent to commit a crime inside the dwelling (*see People v Barnes*, 50 NY2d 375, 379-381; *People v Castillo*, 47 NY2d 270, 277; *People v Ferguson*, 285 AD2d 838, 839-840, *lv denied* 97 NY2d 641; *People v McCrea*, 194 AD2d 742, 743-744, *supra*). Viewing the evidence in a light most favorable to the People, we find that they adduced legally sufficient evidence to establish every element of burglary in the second degree, as charged, beyond any reasonable doubt (*see People v Bleakley*, 69 NY2d 490, 495; *People v Cleveland*, 281 AD2d 815, 816, *supra*).

Moreover, we are of the view that based upon all the credible evidence, a different finding would indeed have been unreasonable (*see People v Bleakley, supra*). In any event, were we to weigh the relative probative force of the conflicting inferences to be drawn from the testimony, we would find that the verdict was not contrary to the weight of the evidence. The owner's trial testimony clearly and convincingly established defendant's actual presence inside the porch: the owner's previous statement and testimony on this point was, at most, unclear—a fact fully explored on cross-examination. None of defendant's other

arguments undermines confidence in the verdict, including the fact that defendant was not actually seen in possession of the air conditioner or weed-whacker (not an element of Penal Law § 140.25 [2]) or his demeanor at the scene, i.e., that he was cooperative and did not run away. Defendant's explanation to the owner for his presence inside the porch was reasonably rejected by the jury, and trial testimony established that his unlawful presence coincided with banging noises emanating from the porch, clearly a product of the air conditioner's removal.

Finally, defendant's 10½-year determinate sentence is in the midrange of the 5 to 15-year permissible second felony offender sentence for this class C violent felony. Given the danger to human life presented by home invasions (see *Quinn v People*, *supra*) and defendant's criminal record reflecting repeated disregard for the property of others, we do not find that the sentence is harsh or excessive or that it should be reduced in the interest of justice (see *People v Dolphy*, 257 AD2d 681, 685, *lv denied* 93 NY2d 872).

Crew III, J.P., Carpinello, Mugglin and Rose, JJ., concur. Ordered that the judgment is affirmed.