THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRUCE MOBLEY, Appellant. [853 NYS2d 812]—

Memorandum: Defendant appeals from a judgment convicting him, upon a jury verdict, of assault in the first degree (Penal Law § 120.10 [1]), criminal possession of a weapon in the second degree (former § 265.03 [2]) and criminal possession of a weapon in the third degree (§ 265.02 [former (4)]).

Defendant failed to preserve for our review his contention

that his oral statement should have been suppressed as the product of an illegal arrest inasmuch as he failed to request a probable cause hearing or to raise that contention at the *Huntley* hearing (*see People v Barton*, 13 AD3d 721, 723 [2004], *lv denied* 5 NY3d 785 [2005]; *People v Purcelle*, 282 AD2d 824, 824-825 [2001]). Because defendant made only a general objection to the testimony of a police officer that there was "a point in time in [her] investigation when [she] came up with the name of a suspect" and that the name of the suspect was that of defendant, he also failed to preserve for our review his contention that such testimony constituted inadmissible inferential hearsay (*see People v Piper*, 21 AD3d 816 [2005], *lv denied* 5 NY3d 884 [2005]; *People v Pierre*, 300 AD2d 1070 [2002], *lv denied* 99 NY2d 631 [2003]). We decline to exercise our power to review those contentions as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]).

We reject defendant's further contention that the victim's statement to a police officer while in an ambulance en route to the hospital after the shooting constituted inadmissible hearsay. The victim was still suffering from the pain and shock of the shooting when he made the statement, and he testified that he did not remember talking to the police and that he believed that he was going to die. We thus conclude that the statement was "not made under the impetus of studied reflection" and falls within the excited utterance exception to the hearsay rule (*People v Edwards*, 47 NY2d 493, 497 [1979]; *see People v Johnson*, 1 NY3d 302, 306 [2003]; *People v Cotto*, 92 NY2d 68, 78-79 [1998]).

Defendant further contends that Supreme Court erred in refusing to give a missing witness charge with respect to the two individuals who were with the victim at the time of the shooting. Defendant raised that contention for the first time after the close of evidence and the charge conference, and defendant thus failed to act "as soon as practicable so that the court [could] appropriately exercise its discretion and the parties [could] tailor their trial strategy to avoid 'substantial possibilities of surprise'" (*People v Gonzalez*, 68 NY2d 424, 428 [1986]). In any event, defendant failed to meet his burden of establishing that the victim's companions were knowledgeable about the shooting, inasmuch as they started running from the scene before the shooting occurred (*see id.* at 427-428). Furthermore, the colloquy between the court and the parties establishes that the victim's companions were never identified and thus were neither available to testify nor under the People's control (*see id.* at 428; *see generally People v Savinon*, 100 NY2d 192, 197-201 [2003]).

Contrary to defendant's further contention, the verdict is not against the weight of the evidence with respect to the issue of identification (*see generally People v Danielson*, 9 NY3d 342, 349 [2007]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). "The jury's resolution of credibility and identification issues 'is entitled to great weight' " (*People v Kelley*, 46 AD3d 1329, 1331 [2007]), and it cannot be said that the jury failed to give the evidence the weight it should be accorded (*see People v Drake*, 17 AD3d 1154 [2005], *lv denied* 5 NY3d 788 [2005]).

Finally, we reject the contention of defendant that he was deprived of his right to effective assistance of counsel based on the failure of defense counsel to prove that the victim had a motive to lie concerning the identification of the shooter, as "promised" in his opening statement. The record establishes that defense counsel attempted to establish on cross-examination that the victim was biased against defendant because of an incident in which defendant complained to the police about noise emanating from the victim's apartment, resulting in the victim's arrest for possessing marihuana. Defense counsel's " 'use of an unsuccessful strategy is insufficient to establish ineffective assistance of counsel' " (*People v Knightner*, 11 AD3d 1002, 1005 [2004], *lv denied* 4 NY3d 745 [2004]). Present—Scudder, P.J., Centra, Lunn, Fahey and Green, JJ.