■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TYLER L. PRINCE, Appellant. [857 NYS2d 320]—

Carpinello, J. Appeal from a judgment of the Supreme Court (McDonough, J.), rendered December 15, 2006 in Albany County, upon a verdict convicting defendant of the crimes of burglary in the first degree and assault in the first degree.

In August 2006, a two-count indictment was handed up against defendant, then 15 years old, charging him with burglary in the first degree and assault in the first degree as a result of allegations that he stabbed Rene Allen in the head as she stood inside the doorway of the enclosed porch to her home on the morning of July 28, 2006. Immediately before jury selection began, the People were permitted to amend the indictment to reflect that defendant was being charged as a juvenile offender. At trial, Allen identified defendant as the person who twice rang her doorbell on the morning in question under the guise of handing out certain literature. When she opened the door to him the second time, he held the door and then immediately inflicted an "incredible blow" to her head with "a closed fist with something black sticking out of the bottom."[1] A neighbor witnessed the entire incident from his home across the street and saw defendant run away after putting something in his pocket. Defendant was apprehended by police a short time later at a nearby school. No weapon was ever retrieved. Found guilty as charged by a jury, defendant was sentenced as a juvenile offender to prison time and now appeals. We affirm.

Defendant argues that the evidence was legally insufficient to establish the entry element of burglary in the first degree because he never entered Allen's home. In particular, citing *People v Aiken* (4 NY3d 324 [2005]), he claims that an assaultive act occurring at the threshold of a dwelling does not constitute burglary. Defendant's reliance on *Aiken* is unconvincing as that case addressed the duty to retreat before using deadly force and in no way implicated or called into doubt well-settled precedent pertaining to entry for the purpose of committing burglary

---

**1.** Testimony from Allen's treating physician established that this blow, which was indicative of a knife wound, was two inches deep, caused her brain to bleed and caused paralysis and numbness in her left arm.

(*id.* at 327-330). Indeed, the Court of Appeals has held that the entry element of burglary is satisfied "when a person intrudes within a building, no matter how slightly, with any part of his or her body" (*People v King*, 61 NY2d 550, 555 [1984]). Notably, this Court has held that the act of kicking in a basement window was sufficient evidence of an entry for the purpose of establishing a burglary (*see People v Cleveland*, 281 AD2d 815, 816 [2001], *lv denied* 96 NY2d 900 [2001]). The Fourth Department has similarly held that reaching a hand through a broken window is sufficient evidence of an entry into a dwelling (*see People v Clarke*, 233 AD2d 831, 832 [1996], *lvs denied* 89 NY2d 1010 [1997], 90 NY2d 856 [1997]; *see also People v Fraticelli*, 172 AD2d 622, 623 [1991], *lv denied* 77 NY2d 995 [1991]). Additionally, this Court has held that an enclosed porch qualifies as part of a dwelling for purposes of residential burglary (*see People v Rivera*, 301 AD2d 787, 788 [2003], *lv denied* 99 NY2d 631 [2003]).

Here, Allen unequivocally testified that she remained inside her enclosed porch when defendant approached her home for the second time that morning, that she never left the porch during this encounter and that she was struck while inside. Indeed, according to Allen, "there was no way for [her] to step outside" given defendant's stance on her steps at the time. Thus, viewing this evidence in a light most favorable to the People (*see People v Cabey*, 85 NY2d 417, 420 [1995]), a valid line of reasoning exists for the jury to have concluded that defendant reached inside Allen's enclosed porch and struck her in the head, thereby entering her home, albeit slightly, such that his burglary conviction is based on legally sufficient evidence (*see People v Rivera, supra; People v Cleveland, supra; People v Clarke, supra; People v Fraticelli, supra*). Likewise, upon the exercise of our factual review power (*see People v Romero*, 7 NY3d 633, 643-644 [2006]; *People v Bleakley*, 69 NY2d 490, 495 [1987]), we reject defendant's contention that, because it was "unlikely" that his hand broke the plane of the entrance to the enclosed porch, the burglary conviction was against the weight of the evidence.

Next, Supreme Court properly declined to submit assault in the second degree under Penal Law § 120.05 (2) or (4) as a lesser included offense of assault in the first degree. The uncontradicted evidence established that defendant deliberately, without warning and at a close range with a closed fist forcefully stabbed Allen in the head with a sharp object. The force was so great, according to Allen, that her teeth dropped onto the bottom of her jaw. There was no reasonable view of the evidence, even viewed most favorably to defendant (*see e.g. People v Randolph*,

81 NY2d 868, 869 [1993]), that defendant only intended to cause a nonserious physical injury or that he acted recklessly in causing serious physical injury (*see e.g. People v Vasquez*, 25 AD3d 465, 466 [2006], *lv denied* 6 NY3d 854 [2006]; *People v Franco*, 271 AD2d 383 [2000], *lv denied* 95 NY2d 865 [2000]; *People v Hill*, 255 AD2d 969 [1998], *lv denied* 92 NY2d 1050 [1999]; *People v Williams*, 252 AD2d 823, 824 [1998], *lv denied* 92 NY2d 1040 [1998]).

Defendant also argues that Supreme Court committed reversible error in failing to give a requested "no adverse inference" instruction to the jury stemming from his decision not to testify. The court, however, in its final charge at the end of trial and again during a read back requested by the jury instructed the jurors that "[t]he fact that the defendant did not testify is not a factor from which any inference unfavorable to the defendant may be drawn."[2] Notably, this instruction was the last one given to the jury during that read back and, as it turned out, was the last instruction it heard before reaching a verdict. Thus, suffice it to say, defendant's claim of error concerning this issue is patently without merit (*see* CPL 300.10 [2]; *People v Vereen*, 45 NY2d 856, 857 [1978]).

Finally, we reject defendant's argument that the People's failure to designate that he was being charged as a juvenile offender (*see* CPL 200.50 [2]) was a jurisdictional defect that could not be cured by an amendment.

Cardona, P.J., Rose, Malone Jr. and Stein, JJ., concur. Ordered that the judgment is affirmed.

---

2. A like instruction had also been given during voir dire.