(December 6, 2012)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ARGENIS SANTOS, Appellant. [955 NYS2d 323]—

The court properly declined to submit criminal trespass in the second degree as a lesser included offense, since there was no reasonable view of the evidence, viewed most favorably to defendant, to support such a charge (*see e.g. People v Zokari*, 68 AD3d 578 [2009], *lv denied* 15 NY3d 758 [2010]; *People v Jones*, 33 AD3d 461 [1st Dept 2006], *lv denied* 7 NY3d 926 [2006]; *People v Mongen*, 157 AD2d 82 [1990], *appeal dismissed* 76 NY2d 1015 [1990]). The jury would have had no basis for finding that defendant entered unlawfully, but without the intent to unlawfully restrain the victim or otherwise commit a crime, and subsequently formed that intent.

Defendant entered the apartment of his former girlfriend unlawfully, hid under a crib, and grabbed her immediately after she discovered him, telling her that neither the police nor her mother could help her now. He then continuously held her in the apartment against her will for 16 hours. Defendant's conduct was thus inconsistent with a claim that, at the time he entered, he simply wanted to talk to the victim about their relationship. Concur—Gonzalez, P.J., Sweeny, Richter, Román and Clark, JJ.