# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

329

KA 11-00854

PRESENT: SCUDDER, P.J., FAHEY, SCONIERS, VALENTINO, AND MARTOCHE, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

FRANK WILEY, DEFENDANT-APPELLANT.

---

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (BARBARA J. DAVIES OF COUNSEL), FOR DEFENDANT-APPELLANT.

FRANK A. SEDITA, III, DISTRICT ATTORNEY, BUFFALO (SETH T. MOLISANI OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Erie County (Christopher J. Burns, J.), rendered February 9, 2011. The judgment convicted defendant, upon a jury verdict, of assault in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him upon a jury verdict of assault in the second degree (Penal Law § 120.05 [2]), defendant correctly concedes that he failed to preserve for our review his contention that he was denied a fair trial by prosecutorial misconduct on summation (*see* CPL 470.05 [2]), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]). We also reject defendant's contention that he was denied effective assistance of counsel based on defense counsel's failure to object to the alleged prosecutorial misconduct on summation. Viewing the evidence, the law and the circumstances of this case, in totality and as of the time of the representation, we conclude that defendant received meaningful representation (*see generally People v Baldi*, 54 NY2d 137, 147; *People v Brown*, 67 AD3d 1369, 1370, *lv denied* 14 NY3d 886).

Contrary to defendant's further contention, the conviction is supported by legally sufficient evidence (*see generally People v Bleakley*, 69 NY2d 490, 495). We note in particular the well-established principle that "[i]ntent, like any other element of a crime, may be proved by circumstantial evidence" (*People v Ozarowski*, 38 NY2d 481, 489; *see People v Steinberg*, 79 NY2d 673, 682). In this case, the People established through the testimony of the victim and the eyewitness that defendant had the requisite intent. Although the victim did not see defendant strike him with the mug, the victim

testified that defendant was next to him when he felt the impact from the mug.  Also, the eyewitness testified that he saw defendant swing the mug at the victim.  We thus conclude that, viewing the evidence in the light most favorable to the People, "there is a valid line of reasoning and permissible inferences from which a rational jury could have found the elements of the crime proved beyond a reasonable doubt" (*People v Danielson*, 9 NY3d 342, 349 [internal quotation marks omitted]).  Additionally, viewing the evidence in light of the elements of the crime as charged to the jury (*see id.*), we conclude that the verdict is not against the weight of the evidence (*see generally Bleakley*, 69 NY2d at 495).

Entered:  March 22, 2013                    Frances E. Cafarell
                                            Clerk of the Court