# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

667

KA 11-01412

PRESENT: SMITH, J.P., PERADOTTO, LINDLEY, AND VALENTINO, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                          MEMORANDUM AND ORDER

CARLA C. STERINA, DEFENDANT-APPELLANT.

---

SCHIANO LAW OFFICE, P.C., ROCHESTER (MICHAEL P. SCHIANO OF COUNSEL), FOR DEFENDANT-APPELLANT.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (MATTHEW DUNHAM OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Monroe County (Francis A. Affronti, J.), rendered March 15, 2011. The judgment convicted defendant, upon a jury verdict, of burglary in the first degree (two counts) and assault in the second degree (two counts).

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting her upon a jury verdict of two counts each of burglary in the first degree (Penal Law § 140.30 [2], [3]) and assault in the second degree (§ 120.05 [2], [6]). We reject defendant's contention that Supreme Court erred in refusing to charge criminal trespass in the second degree (§ 140.15 [1]) as a lesser included offense of burglary in the first degree (§ 140.30 [2], [3]). Contrary to defendant's contention, there is no reasonable view of the evidence to support the theory that she unlawfully entered the victim's dwelling, but did not intend to commit a crime therein (see § 140.30; *People v Santos*, 101 AD3d 427, 428, *lv denied* 20 NY3d 1103; *People v Clarke*, 233 AD2d 831, 832, *lv denied* 89 NY2d 1010, *reconsideration denied* 90 NY2d 856; *see generally People v Glover*, 57 NY2d 61, 63-64). The evidence established that defendant and her accomplices broke down the door, entered the house armed with one or more baseball bats, and immediately attacked the victim's son (see *People v Massey*, 45 AD3d 1044, 1046, *lv denied* 9 NY3d 1036). To the extent that defendant contends that she was entitled to the lesser included charge because there is a reasonable view of the evidence that she did not enter the victim's house, that assertion is unpreserved (see *People v McCoy*, 91 AD3d 537, 537-538). In any event, that contention lacks merit inasmuch as both criminal trespass in the second degree and burglary in the first degree require entry into a dwelling (see §§ 140.15 [1]; 140.30).

As defendant correctly concedes, her challenge to the legal sufficiency of the evidence with respect to the crime of burglary in the first degree is unpreserved for our review inasmuch as she failed to renew her motion for a trial order of dismissal after presenting evidence (*see People v Lugo*, 87 AD3d 1403, 1404, *lv denied* 18 NY3d 860). In any event, that contention is without merit. Contrary to defendant's contention, the People established that she entered a dwelling, i.e., the victim's home, which is a necessary element of burglary in the first degree (*see* Penal Law § 140.30; *People v Prince*, 51 AD3d 1052, 1053-1054, *lv denied* 10 NY3d 938). The entry element of burglary is satisfied "when a person intrudes within a [dwelling], no matter how slightly, with any part of his or her body" (*People v King*, 61 NY2d 550, 555; *see People v Cleveland*, 281 AD2d 815, 816, *lv denied* 96 NY2d 900). Here, several witnesses unequivocally testified that defendant and another assailant entered the foyer of the victim's home after breaking down the door, and a recording of the contemporaneous 911 call made by the victim's sister indicates that she told the 911 operator that the assailants were "inside the house" (*see generally Prince*, 51 AD3d at 1054; *People v Rivera*, 301 AD2d 787, 788, *lv denied* 99 NY2d 631). Indeed, the victim specifically identified the location where she observed defendant and the other assailant striking her son, which was several feet inside the house. With respect to the intent element, it is well settled that, "in order to be guilty of burglary for unlawful entry, a defendant must have had the intent to commit a crime at the time of entry . . . [C]ontemporaneous intent is required" (*People v Gaines*, 74 NY2d 358, 363). A defendant's intent to commit a crime "may be inferred from the circumstances of the entry" (*id.* at 362 n 1; *see People v Mitchell*, 254 AD2d 830, 831, *lv denied* 92 NY2d 984; *Clarke*, 233 AD2d at 832). Here, we conclude that the violent nature of defendant's entry into the home, including breaking down the door, forcing her way into the house, and immediately attacking the occupants, sufficiently establishes her intent to commit a crime at the time of entry (*see Massey*, 45 AD3d at 1046; *Clarke*, 233 AD2d at 832). Contrary to the further contention of defendant, we conclude that, viewing the evidence in light of the elements of the crimes as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), the verdict is not against the weight of the evidence on the issue of identification (*see People v Dark*, 104 AD3d 1158, 1158; *People v Carr*, 99 AD3d 1173, 1174, *lv denied* 20 NY3d 1010; *People v Mobley*, 49 AD3d 1343, 1345, *lv denied* 11 NY3d 791; *see generally People v Bleakey*, 69 NY2d 490, 495). Although a different verdict would not have been unreasonable in light of, inter alia, defendant's testimony that she did not participate in the attack, "[t]he jury's resolution of credibility and identification issues is entitled to great weight" (*People v Kelley*, 46 AD3d 1329, 1331, *lv denied* 10 NY3d 813 [internal quotation marks omitted]), and we cannot conclude on this record that the jury failed to give the evidence the weight it should be accorded (*see Mobley*, 49 AD3d at 1345; *Kelley*, 46 AD3d at 1331). Notably, four witnesses, including the victim, testified that defendant was one of the assailants.

Defendant failed to preserve for our review her contention that she was denied a fair trial by prosecutorial misconduct on summation

(*see* CPL 470.05 [2]; *People v Wiley*, 104 AD3d 1314, 1314), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]). Contrary to the further contention of defendant, we conclude that the court did not abuse its discretion in denying without a hearing her posttrial motion to set aside the verdict pursuant to CPL 330.30 (3) inasmuch as "defendant failed to show that the allegedly new evidence could not have been discovered earlier in the exercise of reasonable diligence" (*People v Robertson*, 302 AD2d 956, 958, *lv denied* 100 NY2d 542; *see People v Archie*, 78 AD3d 1560, 1561, *lv denied* 16 NY3d 856). The purportedly new evidence consisted of affidavits from defendant and two other witnesses who alleged that defendant's mother paid two other women to attack the victims.  Defendant, however, admitted that her mother informed her of those alleged facts over a year prior to trial.

Finally, the sentence is not unduly harsh or severe.

Entered:  July 5, 2013                          Frances E. Cafarell
                                                 Clerk of the Court