■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DALLAS SIMON, Appellant. [636 NYS2d 251] —Judgment unanimously affirmed. Memorandum: In support of defendant's motion to renew the suppression motion, defense counsel asserted that newly discovered evidence warranted reopening the hearing for a determination of whether a *Payton* violation had occurred. County Court properly denied that motion. "Because defendant had knowledge of the facts surrounding his arrest, those facts may not be considered 'additional pertinent facts * * * discovered by the defendant which he could not have discovered with reasonable diligence before the determination of the motion' (CPL 710.40 [4])" *(People v Mitchell-Benetiz,* 168 AD2d 994, *lv denied* 77 NY2d 909).

The showup conducted at the crime scene was not rendered unduly suggestive by the fact that defendant was viewed in the company of police officers *(see, People v Duuvon,* 77 NY2d 541; *People v Doherty,* 198 AD2d 296, *lv denied* 83 NY2d 804) or that the witness was advised that the police had a suspect in custody who matched the description he provided *(see, People v Duuvon, supra; People v Tarrat,* 161 AD2d 613).

The court did not abuse its discretion in permitting the prosecutor to cross-examine defendant with respect to the facts underlying certain prior convictions *(see, People v Teen,* 200 AD2d 785, *lv denied* 83 NY2d 859; *People v Norde,* 186 AD2d 456, *lv denied* 81 NY2d 974) or in allowing evidence rebutting the testimony of defendant's wife *(see, People v Booker,* 134 AD2d 949, *lv denied* 70 NY2d 953).

Defendant was provided sufficient opportunity to challenge his prior convictions at the persistent felony offender hearing *(see,* CPL 400.20; *People v Maphis,* 193 AD2d 829; *People v Yung,* 162 AD2d 874, *lv denied* 76 NY2d 992).

The evidence, viewed in the light most favorable to the People *(see, People v Contes,* 60 NY2d 620, 621) is sufficient to support the conviction. (Appeal from Judgment of Ontario County Court, Harvey, J.—Burglary, 3rd Degree.) Present—Denman, P. J., Green, Wesley, Balio and Boehm, JJ.