THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DARRAN SAMUEL, Appellant. [931 NYS2d 403]—

The defendant was convicted of murder in the second degree under a theory of felony murder, robbery in the first degree, and attempted robbery in the second degree based upon his intent to take an iPod from one of four boys. The People adduced evidence that, when the boys refused to surrender the iPod, the defendant summoned several others to assist in the robbery. A melee ensued, during which one of the four boys was fatally stabbed by one of the other participants in the attack. The defendant did not obtain the iPod, but a cell phone belonging to one of the four victims was taken by one of the defendant's accomplices.

The defendant's contention that the evidence was legally insufficient to prove his guilt of robbery in the first degree because he and his accomplices intended to steal the iPod and not the cell phone (*see* Penal Law §§ 20.00, 160.15) is unpreserved for appellate review (*see People v Hawkins*, 11 NY3d 484 [2008]; *People v Gray*, 86 NY2d 10 [1995]) and, in any event, without merit.

Moreover, in fulfilling our responsibility to conduct an inde-

pendent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383, 410 [2004], *cert denied* 542 US 946 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Danielson*, 9 NY3d 342 [2007]; *People v Romero*, 7 NY3d 633 [2006]).

Contrary to the defendant's contention, he failed to meet his burden of establishing, by a preponderance of the evidence (*see* Penal Law § 25.00 [2]), an affirmative defense to felony murder under Penal Law § 125.25 (3). In order to establish the affirmative defense to felony murder, a defendant must establish, among other things, that he or she "(a) [d]id not commit the homicidal act or in any way solicit, request, command, importune, cause or aid the commission thereof; and (b) [w]as not armed with a deadly weapon, or any instrument, article or substance readily capable of causing death or serious physical injury and of a sort not ordinarily carried in public places by law-abiding persons; and (c) [h]ad no reasonable ground to believe that any other participant was armed with such a weapon, instrument, article or substance; and (d) [h]ad no reasonable ground to believe that any other participant intended to engage in conduct likely to result in death or serious physical injury" (*id.*). At trial, the defendant testified that he knew that his cousin, who participated in the crime, was a member of the Crips, which the defendant admitted was a dangerous street gang. A prosecution witness testified that the defendant told him that the defendant had observed his cousin with a folding knife. In addition, the defendant testified that his cousin encouraged him to engage in an act of violence against one of the four boys, without provocation. The People's witnesses testified that the defendant instigated the violent assault and robbery by aggressively demanding the iPod, jumping on or otherwise grabbing one of the boys in an attempt to get the iPod, calling over or signaling to his accomplices to assist him, and punching another one of the boys in the face.

Although some of the prosecutor's questions and comments on cross-examination were improper, any error was harmless, as there was overwhelming evidence of the defendant's guilt, and no significant probability that the error contributed to his convictions (*see People v Crimmins*, 36 NY2d 230, 241-242 [1975]; *cf. People v Heman*, 198 AD2d 434, 435 [1993]).

Furthermore, the defendant was not deprived of the effective

assistance of counsel. Considering the totality of the evidence, the law, and the circumstances of the case, trial counsel provided meaningful representation (*see People v Benevento*, 91 NY2d 708 [1998]; *People v Masaguilar*, 86 AD3d 619 [2011]).

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]).

The defendant's remaining contentions are without merit. Angiolillo, J.P., Leventhal, Austin and Roman, JJ., concur.