SUPREME COURT OF THE STATE OF NEW YORK
*Appellate Division, Fourth Judicial Department*

774
KA 11-00357
PRESENT: SCUDDER, P.J., SMITH, FAHEY, LINDLEY, AND MARTOCHE, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                    MEMORANDUM AND ORDER

JUSTIN T. WOODARD, DEFENDANT-APPELLANT.

---

LINDA M. CAMPBELL, SYRACUSE, FOR DEFENDANT-APPELLANT.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (LESLIE E. SWIFT OF COUNSEL), FOR RESPONDENT.

---------------------------------------------------------------------------------

Appeal from a judgment of the Supreme Court, Monroe County (David D. Egan, J.), rendered May 14, 2009. The judgment convicted defendant, upon a jury verdict, of murder in the second degree and attempted robbery in the first degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him following a jury trial of murder in the second degree (Penal Law § 125.25 [3] [felony murder]) and attempted robbery in the first degree (§§ 110.00, 160.15 [2]) in connection with the shooting death of the victim by one or both of the codefendants. Defendant contends that Supreme Court erred in refusing to instruct the jury on the affirmative defense to felony murder (§ 125.25 [3]), on the ground that there was no evidence to support a determination that defendant knew that the codefendants' guns were loaded. We reject that contention (*see People v Cox*, 21 AD3d 1361, 1363, *lv denied* 6 NY3d 753). The evidence established that defendant willingly drove the codefendants from Elmira to Rochester for the express purpose of robbing the victim and that defendant knew that the codefendants had guns with them for that purpose. Thus, when viewing the evidence in the light most favorable to defendant (*see People v White*, 79 NY2d 900, 903), we conclude that the evidence does not support the affirmative defense (*see People v Samuel*, 88 AD3d 1020, 1021, *lv denied* 18 NY3d 861; *cf. People v Cable*, 96 AD2d 251, 260-261, *revd on other grounds sub nom. Matter of Anthony M.*, 63 NY2d 270).

Defendant failed to preserve for our review his contention that the court erred in refusing to permit defense counsel to pursue questioning at the suppression hearing with respect to whether defendant's arrest was based upon probable cause, because defendant did not move to suppress evidence on that ground (*see People v Mobley*, 49 AD3d 1343, 1343-1344, *lv denied* 11 NY3d 791). Defendant also

failed to preserve for our review his contention that the court abused its discretion and denied defendant his constitutional rights by denying his motion pursuant to CPL 710.40 (4) to reopen the suppression hearing on the issue whether the arrest was based upon probable cause.  Instead, defendant sought to reopen the hearing based upon his contention that he invoked his right to counsel when he was arrested in Elmira, before being transported to meet with police officers from the Rochester Police Department (see Mobley, 49 AD3d at 1343-1344).  "Because defendant had knowledge of the facts surrounding his arrest, those facts may not be considered additional pertinent facts . . . discovered by the defendant which he could not have discovered with reasonable diligence before the determination of the motion" (People v Simon, 222 AD2d 1117, 1117, lv denied 87 NY2d 977, rearg denied 88 NY2d 854 [internal quotation marks omitted]; see CPL 710.40 [4]).  In any event, inasmuch as evidence at the suppression hearing established that defendant had been identified in a photo array as a participant in the crimes prior to his arrest, we conclude that the arrest was based upon probable cause (see People v Dumbleton, 67 AD3d 1451, 1452, lv denied 14 NY3d 770).

Defendant also failed to preserve for our review his contention that the court erred in permitting the People to use his grand jury testimony in their direct case, in contravention of a cooperation agreement defendant had signed (see CPL 470.05 [2]).  In any event, we conclude that any error is harmless inasmuch as the evidence is overwhelming and there is not a significant probability that he would have been acquitted if the alleged error had not occurred (see People v Crimmins, 36 NY2d 230, 241-242).  Defendant's statement to the police, which was consistent with his grand jury testimony, was also admitted in evidence, and it was corroborated by the testimony of an eyewitness and by physical evidence (see generally People v Faust, 73 NY2d 828, 829, rearg denied 73 NY2d 995).

We reject defendant's contention that he was deprived of effective assistance of counsel.  The failure to provide a specific basis for a trial order of dismissal that had no chance of success does not constitute ineffective assistance of counsel (see People v Horton, 79 AD3d 1614, 1616, lv denied 16 NY3d 859).  Indeed, defendant does not contend on appeal that the evidence is legally insufficient to support the conviction (see id.).  Further, defendant has failed to demonstrate that a motion to suppress his statement based on the lack of probable cause for his arrest, if made, would have been successful, and thus he has failed to establish that defense counsel was ineffective for failing to make the motion (see People v Borcyk, 60 AD3d 1489, 1490, lv denied 12 NY3d 923).  Defendant's remaining contentions with respect to defense counsel's performance either are outside the record and thus not reviewable on direct appeal (see People v Slater, 61 AD3d 1328, 1329, lv denied 13 NY3d 749), or they are without merit (see generally People v Baldi, 54 NY2d 137, 147).

Finally, in light of his willing participation in the plan to rob the victim and his knowledge that the codefendants both had guns, we reject defendant's contention that the sentence is unduly harsh and severe.

Entered:  June 15, 2012                        Frances E. Cafarell
                                               Clerk of the Court