People v Carillo (2020 NY Slip Op 04757)





People v Carillo


2020 NY Slip Op 04757


Decided on August 26, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 26, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
RUTH C. BALKIN
JOSEPH J. MALTESE
VALERIE BRATHWAITE NELSON, JJ.


2017-04836
 (Ind. No. 7484/14)

[*1]The People of the State of New York, respondent,
v
Martin Carillo, appellant.


Beverly Van Ness, New York, NY, for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Diane R. Eisner of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Evelyn J. Laporte, J.), rendered April 17, 2017, convicting him of murder in the second degree and robbery in the first degree, upon a jury verdict, and sentencing him to an indeterminate term of imprisonment of 25 years to life on the conviction of murder in the second degree and a determinate term of imprisonment of 25 years, to be followed by 4 years of postrelease supervision, on the conviction of robbery in the first degree, with the terms of imprisonment to run concurrently.
ORDERED that the judgment is modified, as a matter of discretion in the interest of justice, (1) by reducing the term of imprisonment imposed on the conviction of murder in the second degree from an indeterminate term of imprisonment of 25 years to life to an indeterminate term of imprisonment of 20 years to life, and (2) by reducing the term of imprisonment imposed on the conviction of robbery in the first degree from a determinate term of imprisonment of 25 years, to be followed by 4 years of postrelease supervision, to a determinate term of imprisonment of 20 years, to be followed by 4 years of postrelease supervision, with the terms of imprisonment to run concurrently; as so modified, the judgment is affirmed.
To the extent that the defendant argues on appeal that the evidence was legally insufficient to support his convictions, that contention is unpreserved for appellate review (see People v Hawkins, 11 NY3d 484, 492). In any event, viewing the evidence in the light most favorable to the People (see People v Contes, 60 NY2d 620 ), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633). Contrary to the defendant's contention, his intent to rob the complainants was proven by evidence that he accompanied a codefendant when that codefendant approached the complainants and demanded money, as well as evidence that he participated with his codefendants in assaulting the complainants upon refusal of the demand for money. Although there were some inconsistencies in the testimony of the surviving complainant, the inconsistencies were not of such magnitude as to [*2]render his testimony incredible or unreliable (see People v Esguerra, 178 AD3d 722, 725). Contrary to the defendant's further contention, he did not meet his burden of demonstrating, by a preponderance of the evidence (see Penal Law § 25.00[2]), an affirmative defense to the charge of felony murder (see Penal Law § 125.25[3]; People v Samuel, 88 AD3d 1020, 1021).
The sentence was excessive to the extent indicated herein (see People v Suitte, 90 AD2d 80).
SCHEINKMAN, P.J., BALKIN, MALTESE and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court