■ LEON E. WEIN, Appellant, v COMPTROLLER OF THE STATE OF NEW YORK et al., Respondents.—Order and judgment (one paper), Supreme Court, New York County, entered on September 1, 1977, unanimously affirmed for the reasons stated by Nadel, J., at Special Term, without costs and without disbursements. Concur—Murphy, P. J., Birns, Fein, Lane and Lynch, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT MARTINO, Appellant.—This is an appeal from a judgment of the Supreme Court, Bronx County, rendered November 30, 1973, convicting the defendant, after a plea of guilty, of the crime of manslaughter in the first degree. The matter is unanimously remanded for a reconstruction hearing and final determination of this appeal is held in abeyance pending the results of that hearing. On October 15, 1973, the defendant entered a plea of guilty to the crime of manslaughter in the first degree. The court at that time stated: "Do you plead guilty to the fact that on December 4th, 1971 at three a.m. in the restaurant at 1039 East 163rd Street in the County of Bronx, you had a revolver in your possession, and you shot and killed the counterman, Mr. Rosario—Domingo, and you were engaged in a robbery at that time; do you plead guilty to those facts?" The defendant responded, "Yes, in self-defense." The allocution then continued and defendant did not reiterate his claim of self-defense. On November 27, 1973, the date set for sentencing, the following colloquy took place: "THE COURT: * * * Did you shoot him in self-defense or did you shoot him in the back of the head? THE DEFENDANT: No, not in back of the head. THE COURT: All right. Go to trial for murder. THE DEFENDANT: I got him in the head. THE COURT: You shot him in the head, all right. Proceed. Are you ready for sentence? THE DEFENDANT: Yes, I am ready. THE COURT: Or do you want to go to trial for murder. Make up your mind. I am not going to sit here all day. THE DEFENDANT: I don't know what these people are talking about." An adjournment was granted to November 30 to clarify matters, at which time the defendant was sentenced. The minutes of the November 30 proceeding have been lost. We cannot, on the record before this court, determine whether the defendant knowingly and voluntarily waived his constitutional rights. Furthermore, it is unclear whether there was an adequate factual basis upon which to base acceptance of the plea. We cannot, on the present state of the record, presume that the gaps in the record were filled at the time of the sentencing on November 30. We have accordingly remanded this matter for a hearing to reconstruct that which transpired at the time of the sentence. The determination on this appeal is held in abeyance pending the results of that hearing. Concur—Lupiano, J. P., Birns, Lane, Sandler and Sullivan, JJ.