■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROY ROWLES, Appellant.—Levine, J. Appeal from a judgment of the County Court of Ulster County (Vogt, J.), rendered August 9, 1989, convicting defendant upon his plea of guilty of the crime of rape in the first degree.

When this matter was previously before us, we noted

County Court's error in failing to have a second psychiatrist examine defendant, in accordance with CPL article 730, before accepting his plea to rape in the first degree (162 AD2d 774). We, however, ruled that this error was remediable if, at a reconstruction hearing, it was established that defendant was in fact competent at the time of his guilty plea. Accordingly, we withheld decision and remitted for a reconstruction hearing. The hearing was held before a different Judge (Battisti, Jr., J.), following which the court rendered a decision finding that, at the time defendant entered his guilty plea, he did not lack capacity to understand the proceedings against him and to assist in his own defense.

There was evidence at the hearing which fully supported County Court's determination, consisting, *inter alia,* of testimony of the County Judge who presided over the prior proceedings in this matter, including the plea allocution, the attorney who represented defendant at all of the stages of those proceedings, defendant's probation officer on a prior conviction who had supervised him from August 1987 until he entered his guilty plea herein, and the psychiatrist who performed an examination to determine defendant's competency before he pleaded guilty. These witnesses established that, although defendant was mildly retarded and suffered from alcoholism, he was aware of the nature and seriousness of the charges against him, was able to communicate with his attorney and understood the attorney's role in defending him, was able to follow the plea negotiations and rationally participate with his attorney in deliberating on whether to plead guilty, and was aware of the charge to which he was pleading guilty and of the substantial punishment he faced. Accordingly, the judgment should be affirmed.

Mikoll, J. P., Yesawich Jr., Mahoney and Casey, JJ., concur. Ordered that the judgment is affirmed.