■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRANDIE M. FREVILLE, Appellant. [642 NYS2d 108] —Judgment unanimously reversed on the law, plea vacated and matter remitted to Livingston County Court for further proceedings on the indictment. Memorandum: Defendant was charged as an accomplice with various crimes arising from the armed robbery of a convenience store and the attempted armed robbery of a gas station. During the plea colloquy, defendant denied advance knowledge that her boyfriend, the codefendant, intended to rob the store or the gas station, although she admitted that she knew that he had a gun and that he had robbed stores in the past. County Court erred in accepting the plea.

Where a defendant's factual recitation "negates an essential element of the crime pleaded to, the court may not accept the plea without making further inquiry to ensure that defendant understands the nature of the charge and that the plea is intel-

ligently entered" (*People v Lopez,* 71 NY2d 662, 666; *see also, People v Sobczak,* 105 AD2d 1053; *People v Lee,* 90 AD2d 960, 961). To be convicted as an accomplice, defendant must share the intent of the principal (Penal Law § 20.00). Here, defendant's factual recitation negated that essential element, and the court failed to make further inquiry. (Appeal from Judgment of Livingston County Court, Cicoria, J.—Robbery, 1st Degree.) Present—Lawton, J. P., Fallon, Callahan, Doerr and Boehm, JJ.