■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT MORTON, Appellant. [750 NYS2d 538] —Appeal from a judgment of Jefferson County Court (Martusewicz, J.), entered June 11, 2001, convicting defendant upon his plea of guilty of attempted burglary in the third degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is affirmed.

All concur except Hurlbutt, J., who dissents and votes to reverse in the following memorandum: I respectfully dissent. Defendant appeals from a judgment convicting him upon his plea of guilty of attempted burglary in the third degree (Penal Law §§ 110.00, 140.20). During the plea colloquy, defendant, who was charged as an accomplice in a burglary, admitted that he "help[ed] someone" enter the victim's building, but denied that he intended to commit a crime when the building was entered. Upon County Court's inquiry whether his accomplice intended to commit a crime, defendant responded "yes," and the guilty plea was then accepted by the court. That was error.

Where a defendant's factual recitation "negates an essential element of the crime pleaded to, the court may not accept the plea without making further inquiry to ensure that defendant understands the nature of the charge and that the plea is intelligently entered" (*People v Lopez*, 71 NY2d 662, 666). Further, "at a minimum the record of the subsequent plea proceedings must reflect * * * that defendant's responses to the court's subsequent questions removed the doubt about defendant's guilt" (*People v Ocasio*, 265 AD2d 675, 678). Here, defendant's denial of criminal intent negated an essential element of the crime of burglary, and his affirmative response to the court's inquiry concerning the accomplice's criminal intent was not sufficient to remove the doubt about defendant's guilt because the court failed to establish that defendant was aware of the accomplice's intent to commit a crime at the time the building was entered (*see People v Freville*, 226 AD2d 1100; *see also Ocasio*, 265 AD2d at 676-677; *cf. People v Marcus*, 278 AD2d 670). I therefore would reverse the judgment, vacate the plea of guilty and remit the matter to Jefferson County Court for further proceedings on the indictment. Present—Hayes, J.P., Hurlbutt, Kehoe, Burns and Lawton, JJ.