Appeal from judgment, Supreme Court, New York County (Renee A. White, J., at plea; Ronald A. Zweibel, J., at sentencing), rendered July 23, 2009, convicting defendant, upon his plea of guilty, of criminal sale of a controlled substance in the fifth degree, and sentencing him, as a second felony drug offender, to a term of 1½ years, held in abeyance, and the matter remitted for a reconstruction hearing and further proceedings in accordance herewith.
For the reasons stated in People v Brazil (123 AD3d 466 [2014] [decided herewith]), we find that People v Peque (22 NY3d 168 [2013], cert denied 574 US —, 135 S Ct 90 [2014]) applies retroactively to cases, such as this one, pending on direct appeal.
When defendant pleaded guilty, the court did not warn him that if he was not a citizen, he could be deported as a result of his plea. However, the sentencing minutes are missing. A reconstruction hearing is therefore required, so that the court can determine whether defendant was aware of the immigration consequences and thus required to preserve his claim that his plea was unknowing and involuntary, and whether, if so, he did preserve his claim, or, whether his claim falls within the narrow exception to the preservation doctrine where a defendant has no practical ability to object to an error in a plea allocution because he cannot “be expected to move to withdraw his plea on a ground of which he has no knowledge” (Peque, 22 NY3d at 182 [internal quotation marks omitted]). If the claim is preserved, or falls into the narrow exception to the preservation doctrine, defendant should be afforded the opportunity to move to vacate his plea upon a showing that there is a “reasonable probability” *468 that he would not have pleaded guilty had the court advised him of the possibility of deportation (Peque, 22 NY3d at 198).
Accordingly, we remit for purposes of a reconstruction hearing as well as the remedy set forth in Peque (22 NY3d at 200-201) if such remedy is available. We hold the appeal in abeyance for those purposes (see People v Charles, 117 AD3d 1073 [2d Dept 2014]).
Concur — Mazzarelli, J.P., Acosta, DeGrasse and Manzanet-Daniels, JJ.