People v Lee (2020 NY Slip Op 03845)





People v Lee


2020 NY Slip Op 03845


Decided on July 9, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 9, 2020

Acosta, P.J., Manzanet-Daniels, Kapnick, Singh, González, JJ.


11773 1032/16

[*1] The People of the State of New York, Respondent,
v
Alden Lee, Defendant-Appellant.


Jonathan Rosenberg, PLLC, Brooklyn (Jonathan Rosenberg of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Frank Glaser of counsel), for respondent.



Judgment, Supreme Court, New York County (Ann E. Scherzer, J.), rendered February 21, 2019, convicting defendant, upon his plea of guilty, of attempted burglary in the second degree, and sentencing him to a term of two years, unanimously affirmed.
Defendant's challenge to his plea does not fall within the narrow exception to the preservation requirement (see People v Conceicao, 26 NY3d 375, 381 [2015]), and we decline to review it in the interest of justice. As an alternative holding, we reject it on the merits. Unlike the facts in People v Mox (20 NY3d 936 [2012]), there was nothing in defendant's plea allocution itself that required the court to inquire about a potential psychiatric defense (see People v Robinson, 179 AD3d 568 [1st Dept 2020]). Nor was the court's duty to inquire triggered by statements made during the preceding 18 months of plea negotiations with prior counsel (see People v Rodriguez, 144 AD3d 498 [1st Dept 2016], lv denied 28 NY3d 1188 [2017]).
Defendant made a valid waiver of his right to appeal (see People v Thomas, 34 NY3d 545 [2019]; People v Bryant, 28 NY3d 1094 [2016]), which forecloses review of his excessive sentence claim. (see People v Tolbert, 168 AD3d 498 [1st Dept], lv denied 33 NY3d 954 [2019]). Regardless of the validity of defendant's waiver of his right to appeal, we perceive no basis for reducing the sentence.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JULY 9, 2020
CLERK