People v Hernandez (2020 NY Slip Op 04049)





People v Hernandez


2020 NY Slip Op 04049


Decided on July 17, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 17, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., LINDLEY, TROUTMAN, WINSLOW, AND DEJOSEPH, JJ.


597 KA 19-00108

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
MONTREAL HERNANDEZ, DEFENDANT-APPELLANT. 






ANDREW G. MORABITO, EAST ROCHESTER, FOR DEFENDANT-APPELLANT. 
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (SCOTT MYLES OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Supreme Court, Monroe County (Alex R. Renzi, J.), rendered September 26, 2018. The judgment convicted defendant upon a plea of guilty of attempted burglary in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously reversed on the law, the plea is vacated, and the matter is remitted to Supreme Court, Monroe County, for further proceedings on the indictment.
Memorandum: On appeal from a judgment convicting him upon his plea of guilty of attempted burglary in the second degree (Penal Law §§ 110.00, 140.25 [2]), defendant contends that Supreme Court erred in accepting his plea. We agree. Although we agree with the People that defendant failed to preserve his contention for our review because he did not move to withdraw the plea or to vacate the judgment of conviction on that ground (see People v Rosario, 166 AD3d 1498, 1498 [4th Dept 2018]), this case nevertheless falls within the rare exception to the preservation requirement (see People v Lopez, 71 NY2d 662, 666 [1988]; Rosario, 166 AD3d at 1498). Where a defendant's recitation of the facts "negates an essential element of the crime pleaded to, the court may not accept the plea without making further inquiry to ensure that [the] defendant understands the nature of the charge and that the plea is intelligently entered" (Lopez, 71 NY2d at 666; see People v Homer, 233 AD2d 934, 935 [4th Dept 1996]; People v Freville, 226 AD2d 1100, 1100-1101 [4th Dept 1996]; see generally People v Mox, 20 NY3d 936, 938-939 [2012]).
Here, defendant's factual recitation negated at least one element of the crime. Specifically, defendant negated the "intent to commit a crime therein" element of burglary (Penal Law § 140.25) because his factual recitation contradicted any allegation that "he intended to commit a crime in the apartment other than his trespass" (People v Lewis, 5 NY3d 546, 552 [2005]; see § 140.25). Criminal trespass in the second degree "cannot itself be used as the sole predicate crime in the intent to commit a crime therein' element of burglary" (Lewis, 5 NY3d at 551). The court thus had a duty to conduct an inquiry to ensure that defendant understood the nature of the crime (see Lopez, 71 NY2d at 666). Instead, the court stated, "I just want to make sure . . . [that] you still accept [the plea deal], because you have an absolute right to go to trial . . . I think you understand . . . [t]hat your defense of you going to the bathroom may be a difficult sell to a jury." Because that minimal inquiry by the court did not clarify the nature of the crime in order to ensure that the plea was intelligently entered, the court erred in accepting the guilty plea. We therefore reverse the judgment, vacate the plea, and remit the matter to Supreme Court for further proceedings on the indictment (see Rosario, 166 AD3d at 1499).
Entered: July 17, 2020
Mark W. Bennett
Clerk of the Court