People v Cox (2023 NY Slip Op 05552)

People v Cox

2023 NY Slip Op 05552

Decided on November 2, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:November 2, 2023

110134 535934
[*1]The People of the State of New York, Respondent,
v
Sampson Cox, Appellant.

Calendar Date:October 18, 2023

Before:Clark, J.P., Aarons, Pritzker, Ceresia and Fisher, JJ.

Eric M. Galarneau, Albany, for appellant, and appellant pro se.
David J. Clegg, District Attorney, Kingston (Joan Gudesblatt Lamb of counsel), for respondent.

Fisher, J.
Appeals (1) from a judgment of the County Court of Ulster County (Donald A. Williams Jr., J.), rendered March 20, 2013, convicting defendant upon his plea of guilty of the crimes of strangulation in the second degree and attempted rape in the third degree, and (2) from an order of said court (Bryan E. Rounds, J.), entered June 28, 2022, which denied defendant's motion for a reconstruction hearing.
In 2013, in satisfaction of a seven-count indictment, defendant pleaded guilty to strangulation in the second degree and attempted rape in the third degree. County Court (Williams Jr., J.) subsequently sentenced defendant, as a persistent violent felony offender, to a term of imprisonment of 12 years to life for his conviction of strangulation in the second degree and to a period of one year in jail for his conviction of attempted rape in the third degree.
In March 2022, defendant filed a motion in County Court (Rounds, J.) requesting a reconstruction hearing, contending that the transcript of the plea proceedings conducted in January 2013 was unavailable despite efforts undertaken to locate said minutes and that prosecution of his direct appeal had been delayed due to the absence of such transcript.[FN1] In a June 2022 order, County Court denied the motion for a reconstruction hearing, finding that defendant failed to advance any basis for why the transcript of the plea proceedings was necessary to pursue his claims upon direct appeal of the conviction. Defendant appeals from both the 2013 judgment of conviction as well as from the denial of his motion for a reconstruction hearing, and these appeals were consolidated by this Court (2023 NY Slip Op 61109[U] [3d Dept 2023]).
Initially, defendant argues in his pro se supplemental brief that the first count of the indictment charging him with attempted rape in the first degree is jurisdictionally defective. This claim "may not be waived by a guilty plea and can be raised for the first time on appeal" and survives any appeal waiver (People v Guerrero, 28 NY3d 110, 116 [2016]; see People v Dubois, 150 AD3d 1562, 1564 n [3d Dept 2017]). However, a particular count in "an indictment is jurisdictionally defective only if it does not effectively charge the defendant with the commission of a particular crime" (People v Park, 163 AD3d 1060, 1064 [3d Dept 2018] [internal quotation marks and citation omitted]; see People v Thiam, 34 NY3d 1040, 1043 [2019, DiFiore, Ch. J., concurring]; People v Solomon, 203 AD3d 1468, 1469 [3d Dept 2022], affd 39 NY3d 1114 [2023]). Where, as here, "an indictment count incorporates by reference the statutory provision applicable to the crime intended to be charged, . . . this is sufficient to apprise a defendant of the charge and, therefore, renders the count jurisdictionally valid" (People v Park, 163 AD3d at 1064 [internal quotation marks, brackets and citations omitted]). As the indictment satisfied this standard, count one of the indictment was not jurisdictionally defective (see [*2]People v Wheeler, 216 AD3d 1314, 1316 [3d Dept 2023]; People v Mathis, 185 AD3d 1094, 1096 [3d Dept 2020]).[FN2]
Defendant also challenges the voluntariness of his guilty plea, which he claims was defective in several respects. However, the transcript of the January 16, 2013 plea proceeding is unavailable, and we are therefore unable to determine whether defendant's plea was knowing and voluntary. Without the plea minutes, we are also unable to conclusively determine whether defendant preserved his claim with an appropriate postallocution motion [FN3] or "whether his claim falls within the narrow exception to the preservation doctrine" (People v Manon, 123 AD3d 467, 467 [1st Dept 2014]; compare People v Hofler, 2 AD3d 176, 176 [1st Dept 2003] [opining that, where the sentencing minutes reveal that the defendant did not move to withdraw his plea, "his failure to make such an application would seriously undermine his ability to challenge his plea on appeal"], affd 4 NY3d 41 [2004]). We therefore hold the case in abeyance, reserve decision, and remit the matter to County Court for a reconstruction hearing with respect to the plea proceedings (see People v Henderson, 140 AD3d 1761, 1761 [4th Dept 2016]; People v Manon, 123 AD3d at 468; People v Martino, 61 AD2d 903, 903 [1st Dept 1978]; cf. People v Childs, 232 AD2d 308, 308-309 [1st Dept 1996]; People v Allen, 224 AD2d 1027, 1027 [4th Dept 1996]; People v Rowles, 162 AD2d 774, 774-775 [3d Dept 1990]). Contrary to his claim, defendant is not entitled to summary reversal as he has not demonstrated that reconstruction is impossible (see People v Parris, 4 NY3d 41, 47 [2004]; People v Myers, 191 AD3d 1406, 1407 [4th Dept 2021]; People v Grimmett, 127 AD2d 547, 547 [1st Dept 1987]; compare People v Armstrong, 49 AD3d 960, 961 [3d Dept 2008]). In light of our decision, defendant's appeal from the denial of his motion seeking a reconstruction hearing is academic.
Clark, J.P., Aarons, Pritzker and Ceresia, JJ., concur.
ORDERED that the decision on the appeal from the judgment is withheld, and matter remitted to the County Court of Ulster County for further proceedings not inconsistent with this Court's decision.
ORDERED that the appeal from the order is dismissed, as academic.

Footnotes

Footnote 1: In their response, the People consented to a reconstruction hearing should the court reporter who took the minutes of the plea proceeding not be located.

Footnote 2: "To the extent that defendant challenges the factual sufficiency of the indictment, this constitutes a nonjurisdictional defect and any such challenges are waived by defendant's guilty plea" (People v Williams, 155 AD3d 1253, 1254-1255 [3d Dept 2017] [citations omitted], lv denied 31 NY3d 1089 [2018]).
Footnote 3: Defendant does not allege that he made an appropriate postallocution motion to preserve his claim that his guilty plea was involuntary or otherwise defective.