People v Johnson (2024 NY Slip Op 03997)

People v Johnson

2024 NY Slip Op 03997

Decided on July 26, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 26, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., MONTOUR, OGDEN, KEANE, AND HANNAH, JJ.

486 KA 23-00290

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
ERNEST JOHNSON, DEFENDANT-APPELLANT. 

KEEM APPEALS, PLLC, SYRACUSE (BRADLEY E. KEEM OF COUNSEL), FOR DEFENDANT-APPELLANT.
WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (ELISABETH DANNAN OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Onondaga County Court (Matthew J. Doran, J.), rendered November 28, 2022. The judgment convicted defendant upon his plea of guilty of murder in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: On appeal from a judgment convicting him upon his plea of guilty of murder in the second degree (Penal Law § 125.25 [1]), defendant contends that he did not validly waive his right to appeal. We reject that contention. Here, the record establishes that defendant's waiver of the right to appeal was knowing, voluntary, and intelligent (see People v Stackhouse, 214 AD3d 1303, 1303 [4th Dept 2023], lv denied 39 NY3d 1157 [2023]; see generally People v Thomas, 34 NY3d 545, 559-564 [2019], cert denied — US &mdash, 140 S Ct 2634 [2020]).
Defendant's contention that his plea was "not voluntarily entered because [he] provided only monosyllabic responses to County Court's questions is actually a challenge to the factual sufficiency of the plea allocution" (People v Hendrix, 62 AD3d 1261, 1262 [4th Dept 2009], lv denied 12 NY3d 925 [2009]), which is encompassed by the valid waiver of appeal (see People v Giles, 219 AD3d 1706, 1707 [4th Dept 2023], lv denied 40 NY3d 1039 [2023]; People v Alsaifullah, 162 AD3d 1483, 1485 [4th Dept 2018], lv denied 32 NY3d 1062 [2018]). Defendant's valid waiver of the right to appeal also encompasses his challenges to the court's suppression ruling (see People v Sanders, 25 NY3d 337, 342 [2015]; People v Kemp, 94 NY2d 831, 833 [1999]; Giles, 219 AD3d at 1707) and to the severity of his sentence (see People v Lopez, 6 NY3d 248, 255-256 [2006]).
Further, although defendant frames his contention regarding the court's Molineux ruling as an attack on the voluntariness of his plea, his argument is, in fact, a challenge to the propriety of the Molineux ruling and is forfeited by defendant's guilty plea (see People v Johnson, 195 AD3d 1420, 1421 [4th Dept 2021], lv denied 37 NY3d 1146 [2021]).
Defendant contends that he did not receive effective assistance of counsel. Defendant's contention does not survive his guilty plea to the extent that defendant argues counsel was ineffective for failing to move to dismiss the indictment on speedy trial grounds (see People v Bovee, 221 AD3d 1549, 1549-1550 [4th Dept 2023], lv denied 41 NY3d 982 [2024]). To the extent that defendant's contention survives his guilty plea, we conclude that it is without merit. A claim of ineffective assistance of counsel survives a plea of guilty only if "the plea bargaining process was infected by [the] allegedly ineffective assistance or [if] defendant entered the plea because of his attorney['s] allegedly poor performance" (People v Judd, 111 AD3d 1421, 1423 [4th Dept 2013], lv denied 23 NY3d 1039 [2014] [internal quotation marks omitted]). " 'In the context of a guilty plea, a defendant has been afforded meaningful representation when he or she [*2]receives an advantageous plea and nothing in the record casts doubt on the apparent effectiveness of counsel' " (People v Brown, 305 AD2d 1068, 1069 [4th Dept 2003], lv denied 100 NY2d 579 [2003]). Here, defense counsel secured a favorable plea bargain for defendant, and nothing in the record casts doubt on the apparent effectiveness of defense counsel (see People v Ford, 86 NY2d 397, 404 [1995]; People v Smith, 198 AD3d 1347, 1348 [4th Dept 2021]).
We reject defendant's contention that the court abused its discretion in denying his motion to withdraw his guilty plea. Defendant contends that his guilty plea was not knowing, voluntary, and intelligent because he asserted a claim of actual innocence during the plea allocution that was not sufficiently explored by the court prior to its acceptance of his guilty plea. We reject that contention. Although the court has a duty to inquire further " 'where the defendant's recitation of the facts underlying the crime pleaded to clearly casts significant doubt upon the defendant's guilt or otherwise call into question the voluntariness of the plea' " (People v Mox, 20 NY3d 936, 938 [2012], quoting People v Lopez, 71 NY2d 662, 666 [1988]), here, we conclude that defendant's recitation of the facts failed to cast significant doubt upon his guilt (see People v Lee, 185 AD3d 439, 440 [1st Dept 2020]; People v Roberson, 161 AD3d 544, 545 [1st Dept 2018], lv denied 32 NY3d 940 [2018]; People v Hill, 128 AD3d 1479, 1480 [4th Dept 2015], lv denied 26 NY3d 930 [2015]; cf. Mox, 20 NY3d at 938-939). Even assuming, arguendo, that defendant's statements cast doubt upon his guilt, the court engaged in the requisite inquiry to ensure that defendant's plea was knowing, voluntary, and intelligent (see People v Vogt, 150 AD3d 1704, 1705 [4th Dept 2017]; People v Bonacci, 119 AD3d 1348, 1349 [4th Dept 2014], lv denied 24 NY3d 1042 [2014]; cf. People v Hernandez, 185 AD3d 1428, 1429 [4th Dept 2020]).
Contrary to defendant's contention, inasmuch as there was no record support for defendant's claim of actual innocence, the court did not abuse its discretion in denying defendant's motion insofar as it sought to withdraw his plea on that ground (see People v Worthy, 46 AD3d 1382, 1382 [4th Dept 2007], lv denied 10 NY3d 773 [2008]; People v Chisholm, 8 AD3d 1025, 1025-1026 [4th Dept 2004], lv denied 3 NY3d 672 [2004]). Defendant's contention that his motion to withdraw the plea should have been granted because he was erroneously informed with respect to the maximum possible sentence is also not supported by the record. Furthermore, "the court did not coerce [defendant] into pleading guilty by advising him of the potential terms of incarceration in the event he was convicted following a trial" (People v Bradford, 126 AD3d 1374, 1375 [4th Dept 2015], lv denied 26 NY3d 926 [2015]). To the extent that defendant contends that his motion should have been granted because defense counsel did not discuss the specifics of the plea bargain with him, and because he told defense counsel he did not want to plead guilty to a crime that he did not commit, his contention concerns matters outside the record on appeal and must therefore be raised by way of a motion pursuant to CPL article 440 (see People v Dale, 142 AD3d 1287, 1290 [4th Dept 2016], lv denied 28 NY3d 1144 [2017]).
We have considered defendant's remaining contentions and conclude that none warrants modification or reversal of the judgment.
Entered: July 26, 2024
Ann Dillon Flynn
Clerk of the Court