People v Cox (2025 NY Slip Op 02372)

People v Cox

2025 NY Slip Op 02372

Decided on April 24, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:April 24, 2025

110134
[*1]The People of the State of New York, Respondent,
v
Sampson Cox, Appellant.

Calendar Date:March 26, 2025

Before:Clark, J.P., Aarons, Pritzker, Ceresia and Fisher, JJ.

Eric M. Galarneau, Albany, for appellant, and appellant pro se.
Emmanuel C. Nneji, District Attorney, Kingston (Joan Gudesblatt Lamb of counsel), for respondent.

Fisher, J.
Appeals (1) from a judgment of the County Court of Ulster County (Donald Williams Jr., J.), rendered March 20, 2013, convicting defendant upon his plea of guilty of the crimes of strangulation in the second degree and attempted rape in the third degree, and (2) from an order of said court (James Farrell, J.), entered June 27, 2024, which, after a reconstruction hearing of defendant's plea proceeding, found that defendant's plea was entered knowingly, intelligently and voluntarily.
In 2013, in satisfaction of a seven-count indictment, defendant pleaded guilty to strangulation in the second degree and attempted rape in the third degree. County Court (Williams Jr., J.) subsequently sentenced defendant, as a persistent violent felony offender, to a prison term of 12 years to life for his conviction of strangulation in the second degree and to a period of one year in jail for his conviction of attempted rape in the third degree. In March 2022, defendant filed a motion requesting a reconstruction hearing, contending that the transcript of the plea proceeding conducted in January 2013 was unavailable despite efforts undertaken to locate said minutes and that prosecution of his direct appeal had been delayed due to the absence of such transcript. In a June 2022 order, County Court (Rounds, J.) denied the motion for a reconstruction hearing, finding that defendant failed to advance any basis for why the transcript of the plea proceeding was necessary to pursue his claims upon direct appeal of the conviction. Defendant appealed from both the 2013 judgment of conviction as well as from the denial of his motion for a reconstruction hearing. In our prior decision (221 AD3d 1057 [3d Dept 2023]), we, among other things, withheld and reserved decision in this case and remitted the matter to County Court for a reconstruction hearing with respect to the plea proceeding and defendant's claims challenging the voluntariness of his plea (id. at 1059).[FN1]
Upon remittal, County Court (Farrell, J.) conducted an extensive reconstruction hearing during which the court heard testimony from the retired judge who took the plea, the assistant district attorney who was in court on the day of the plea and defendant. Following the reconstruction hearing, County Court, in a written decision and order, found that the credible testimony established, beyond a reasonable doubt, that defendant entered a knowing, voluntary and intelligent plea on January 16, 2013. Defendant also appeals from that order.
At a reconstruction hearing involving factual issues collateral to a defendant's guilt, "the People [have] the burden of establishing the facts by a preponderance of the evidence" (People v Walker, 117 AD3d 1578, 1579 [4th Dept 2014] [internal quotation marks and citations omitted]; see People v Starnes, 206 AD3d 1133, 1141 n 4 [3d Dept 2022], lv denied 38 NY3d 1153 [2022]; People v Galea, 54 AD3d 686, 688 [2d Dept 2008], lv denied 11 NY3d 854 [2008]). At the reconstruction hearing, the [*2]retired judge who presided over defendant's plea proceeding testified to how he used a specific script as an outline of the principles that he believed must be satisfied in order to allow a defendant to voluntarily, knowingly and intelligently enter a guilty plea. Those principles, which the retired judge stated that he also would have reviewed with defendant during the plea colloquy on January 16, 2013, included requiring the People to explain the terms of the plea agreement on the record, ensuring that defendant understood the plea agreement, discerning whether any promises had been made to defendant, discovering whether defendant was threatened or coerced to enter a guilty plea, asking defendant if he had time to consult with counsel and if he was satisfied with the representation that he received, reviewing defendant's sentencing exposure in the event that he decided not to enter a guilty plea, ascertaining defendant's pedigree and whether he suffered any mental or physical impairments or had consumed alcohol, drugs or medications which would impair his ability to make an informed decision, reviewing defendant's Boykin rights, explaining the ramifications of a guilty plea and the terms of the plea agreement, and taking the actual guilty plea to the charges and advising defendant of any conditions. The People also introduced transcripts of two different guilty pleas from 2013, which corroborated the retired judge's testimony that he followed a specific script in all guilty plea cases he heard.
The retired judge also maintained a specific recollection about defendant's case given, among other things, the serious nature of the charges, defendant's status as a persistent violent felony offender, defendant's contemptuous behavior in the courtroom, his finding — after a mental competency examination (see CPL 730.30) — that defendant was competent to stand trial, the repeated delays and adjournments preceding entry of defendant's guilty plea and defendant's plea to a reduced charge after indictment, which was an atypical practice for him. The retired judge made clear in his testimony that, if defendant had indicated in any respect that he did not understand or failed to properly respond to any questions posed during the plea colloquy, he would have made a further inquiry of defendant and his attorney. County Court also found that the retired judge credibly testified that, at the January 2013 plea proceeding, he advised defendant of his trial-related rights that he would forfeit by pleading guilty and asked, among other things, if he understood the plea agreement, if his guilty plea was made voluntarily, if he was satisfied with his attorney and representation and if he suffered from any physical or mental impairments that would make it difficult for him to understand the proceeding. The retired judge further testified that defendant pleaded guilty and allocuted to the elements of the crimes to which he pleaded guilty.
County Court also credited the [*3]testimony of the chief assistant district attorney who was present during defendant's entry of his guilty plea and who maintained an independent recollection of, among other things, how defendant was advised of the sentence that was agreed to and how he would be required to register as a sex offender. In addition to her notes from the plea proceeding being admitted into evidence, she testified that there had been no disruptions during the January 2013 plea proceeding, that defendant had been found competent to proceed and that there were no notes in her file about a psychiatric defense being raised at the plea proceeding. Correspondence between her and defendant's attorney further indicated defendant's desire to enter a guilty plea. Although defendant offered testimony about an off-the-record conversation with an unidentified man in the courtroom hallway suggestive of coercion and stated that the judge who took his plea did not advise him of his rights, County Court found defendant's testimony incredible and inconsistent with the credible testimony of the retired judge who took defendant's plea. Given the foregoing, and contrary to defendant's assertion that the People failed to discharge their burden of reconstructing the facts of the January 16, 2013 plea proceeding given the "irregularities" of this case, "we discern no error with the manner in which County Court conducted the reconstruction hearing as it was not a hearing to determine defendant's guilt, but rather one to 'reconstruct and settle the record' " (People v Chappell, 198 AD3d 1018, 1019 [3d Dept 2021], lv denied 37 NY3d 1160 [2022], quoting People v Alomar, 93 NY2d 239, 247 [1999]; see People v Rowles, 188 AD2d 926, 927 [3d Dept 1992]).
Defendant's challenges to the validity of his plea, including his claim that County Court (Williams Jr., J.) should have made an inquiry into a potential psychiatric defense, are unpreserved for our review absent an appropriate postallocution motion (see People v Conceicao, 26 NY3d 375, 381-382 [2015]; People v Lopez, 71 NY2d 662, 665 [1988]). Upon our review of the reconstruction hearing, we further find that the narrow exception to the preservation requirement is inapplicable here. "The court was not required to inquire into the existence of a possible psychiatric . . . defense," especially in light of the fact that the court had already conducted a mental health evaluation and received the report that indicated defendant was not only competent, but also that he did not suffer from any psychiatric conditions (People v Osman, 151 AD3d 494, 494-495 [1st Dept 2017], lv denied 30 NY3d 982 [2017]; see People v Lee, 185 AD3d 439, 440 [1st Dept 2020]; People v Robinson, 179 AD3d 568, 569 [1st Dept 2020], lv denied 35 NY3d 944 [2020]). In any event, were we to address defendant's claim challenging the voluntariness of his plea, we would find no error in County Court's (Farrell, J.) determination that the credible documentary and testimonial evidence at the [*4]hearing established that defendant entered a knowing, voluntary and intelligent guilty plea, as the totality of the evidence showed, among other things, that "he was aware of the nature and seriousness of the charges against him, was able to communicate with his attorney and understood the attorney's role in defending him, was able to follow the plea negotiations and rationally participate with his attorney in deliberating on whether to plead guilty, and was aware of the charge[s] to which he was pleading guilty and of the substantial punishment he faced" (People v Rowles, 188 AD2d at 927; see People v Gaity, 216 AD3d 667, 668 [3d Dept 2023], lv denied 40 NY3d 934 [2023]). "Defendant's argument that the United States Supreme Court's holding in Erlinger v United States (602 US 821 [2024]) renders unconstitutional the recidivist sentencing regime [and his sentence here] is unpreserved. As a threshold matter, defendant did not contest his criminal history, including the relevant periods of incarceration, and therefore we need not consider whether, had he done so, preservation would otherwise be required" (People v Hernandez, ___ NY3d ___, ___, 2025 NY Slip Op 00904, *3 [2025] [citation omitted]). Defendant's remaining contentions have been examined and found to be without merit or rendered academic.
Clark, J.P., Aarons, Pritzker and Ceresia, JJ., concur.
ORDERED that the judgment and the order are affirmed.

Footnotes

Footnote 1: In light of our remittal for a reconstruction hearing, defendant's appeal from the June 2022 order was dismissed as academic (221 AD3d at 1060).